**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **PRESQRIBER, LLC,** Plaintiff, v. **AMAZING CHARTS, LLC,** Defendant. | Case No. 6:14-cv-439 **PATENT CASE** **JURY TRIAL DEMANDED** |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE** | Case No. 6:14-cv-440 |
| **APRIMA MEDICAL SOFTWARE, INC.** | Case No. 6:14-cv-441 |
| **ATHENAHEALTH, INC.** | Case No. 6:14-cv-442 |
| **CERNER CORPORATION** | Case No. 6:14-cv-443 |
| **COMMUNITY COMPUTER SERVICE, INC. d/b/a MEDENT** | Case No. 6:14-cv-444 |
| **COMPUTER PROGRAMS AND SYSTEMS, INC.** | Case No. 6:14-cv-445 |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **ECARESOFT, INC.** | Case No. 6:14-cv-447 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **McKESSON CORPORATION** | Case No. 6:14-cv-453 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |
| **NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC** | Case No. 6:14-cv-458 |
| **QUADRAMED CORPORATION** | Case No. 6:14-cv-461 |

**PLAINTIFF PRESQRIBER'S MOTION FOR LEAVE TO TAKE LIMITED
AND EXPEDITED DISCOVERY ON PENDING MOTIONS TO DISMISS**

Plaintiff Presqriber, LLC ("Presqriber") hereby files this opposed Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss,[1] and in support thereof shows the Court as follows:

---

[1] This motion is filed against the fourteen defendants indicated in the captions on the first page – (1) Amazing Charts, LLC ("Amazing Charts"); (2) AO Capital Partners LLC d/b/a Prognosis Innovation Healthcare ("AO Capital"); (3) Aprima Medical Software, Inc. ("Aprima"); (4) Athenahealth, Inc. ("Athenahealth"); (5) Cerner Corporation ("Cerner"); (6) Community Computer Service, Inc. d/b/a Medent ("Medent"); (7) Computer Programs and Systems, Inc. ("CPSI"); (8) CureMD.com, Inc.

**Procedural Background**

1.      On July 29 through August 1, 2014, Defendants AO Capital, CureMD, E-MDs, and Medhost (the "moving defendants") filed substantially similar Motions to Dismiss for Failure to State a Claim in their respective cases.  (Dkt. No. 12 in Case No. 6:14-cv-440; Dkt. No. 16 in Case No. 6:14-cv-446; Dkt. No. 12 in Case No. 6:14-cv-448; Dkt. No. 11 in Case No. 6:14-cv-454).[2]  These Motions are filed under Fed. R. Civ. P. 12(b)(6), and the grounds for the Motions are based on Defendants' argument that the patent in suit, U.S. Patent No. 5,758,095 (the "'095 Patent") is subject matter ineligible under 35 U.S.C. § 101 (collectively, the four pending motions will be referred to as the "Section 101 Motions to Dismiss").

2.      On July 7 through August 5, 2014, the other ten defendants filed answers or otherwise responded to Presqriber's Complaints against them.[3]

3.      Presqriber is currently working with counsel for the defendants to attempt to coordinate the briefing schedule on the pending Section 101 Motions to Dismiss, and also to coordinate it with the proceedings on this opposed motion and the related discovery requests (if leave is granted for the discovery to proceed.

4.      Presqriber originally filed 26 related cases based on the '095 Patent.  Aside from the defendants at issue in this motion, all of the other cases are either resolved through

---

("CureMD"); (9) eCareSoft, Inc. ("eCareSoft"); (10) E-MDs, Inc. ("E-MDs"); (11) McKesson Corporation ("McKesson"); (12) Medhost, Inc. ("Medhost"); (13) NextGen Healthcare Information Systems, LLC ("NextGen"); and (14) QuadraMed Corporation ("QuadraMed").  Throughout this brief, these fourteen defendants are referred to collectively as the "defendants."  AO Capital, CureMD, E-MDs, and Medhost are referred to collectively as the "moving defendants."

[2] Defendant Practice Fusion, Inc. ("Practice Fusion"), in Case No. 6:14-cv-460, also filed a motion to dismiss on the same grounds on August 4, 2014, but Presqriber has since entered into an agreement in principle with Practice Fusion to settle that case.

[3] Defendants Cerner and Medent filed Rule 12 motions on other grounds (Cerner's was based on a pleading issue, and Medent's on a personal jurisdiction issue (discovery with respect to the Medent motion will be addressed separately)).  All other defendants answered.

2

agreements that are either finalized or are agreed in principle (7 defendants), or their answers have not yet come due (5 defendants).

5.  No scheduling conference has been set at this time in any of the cases. Presqriber believes that consolidation for pretrial purposes (excluding venue), as the Court routinely does in serially-filed related cases, is appropriate at this time, especially in light of the pending Section 101 Motions that would impact all of the related cases if granted. Presqriber will move the Court separately for consolidation if needed.

**The Section 101 Motions to Dismiss and Relevant Law**

6.  Each of the Section 101 Motions to Dismiss seeks dispositive relief – dismissal of all of Presqriber's claims based on a finding that the '095 Patent is subject matter ineligible and therefore invalid. The Section 101 Motions to Dismiss are directed to each and every claim of the '095 Patent. The Section 101 Motions to Dismiss were filed after the U.S. Supreme Court's decision in *Alice Corp. Pty. Ltd. v. CLS Bank International*, 573 U.S. ___, 134 S.Ct. 2347 (June 19, 2014).

7.  The Section 101 Motions contend that the '095 Patent is invalid because it preempts the "abstract idea" of "prescribing medication for a patient based on routine health and medication information."[4] *See, e.g.*, AO Capital Motion at 8.[5]

---

[4] This identification by the moving defendants of the putative "abstract idea," as required by the *Alice* analysis for subject matter jurisdiction, already begins to beg the question. Presqriber contends that, to the extent the '095 Patent embodies an "abstract idea" or "fundamental concept" at all (which Presqriber does not admit), the "abstract idea" would be simply "prescribing medication for a patient," as set forth in the preamble of Claim 1 of the '095 Patent, which is the only independent claim. By misidentifying the "abstract idea" (to the extent there is one at all), the moving defendants do not even pass the first prong of the *Alice* analysis.

[5] The "AO Capital Motion" is Dkt. No. 12 in Case No. 6:14-cv-440, and it will be used as a representative motion for citation puposes.

3

8. The claims of the '095 Patent, however, contain meaningful limitations. *See* Exhibit A ('095 Patent). All of the claims of the '095 Patent are system claims. Claim 1 is the broadest claim, and there are 27 additional dependent claims. Each dependent claim adds limitations in addition to the limitations found in Claim 1, making each dependent claim narrower than Claim 1. In assessing subject matter eligibility, the Court must consider each claim as a whole, on a claim-by-claim basis. *See Diamond v. Diehr*, 450 U.S. 175, 188, 101 S.Ct. 1048, 1058-59 (1981).

9. By way of example, Claim 1 of the '095 Patent reads as follows:

1. A system for prescribing medication for a patient, said system comprising:

means for permitting a user to identify said patient;

database containing health and medication information regarding said patient;

means for automatically accessing said database and displaying to said user a list of all of the currently prescribed medications for said patient;

means for accepting and processing information regarding said medication prescriptions for said patient from the user including interpreter and reformatter means for processing said information received in a random sequence, and wherein said information includes at least one medication identifier and information selected from the group consisting of: recognition of medication ordered, recognition of medication dosage, recognition of medication route, recognition of medication frequency, recognition of medication duration, recognition of medication quantity, formulary drug items, non-formulary drug items, restrictions on prescriptions, dosage availability, maximum dosage recommended for said patient, dosage frequency, and drug use evaluations; and

means for communicating said medication prescription to a pharmacy.

10. It appears straightforward from the face of Claim 1 and even a casual reading that this claim contains "additional features," "meaningful limitations," and a system more limited than simply "prescribing medication for a patient." *See, e.g., Alice*, 573 U.S. ___, 134 S.Ct. at 2357; *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1343 (Fed. Cir. 2013), *vacated on other grounds sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (U.S. June 30, 2014);

*Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 1998053 at *4 (E.D. Tex. May 15, 2014) (Gilstrap, J.); *accord Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2:13-cv-894, Dkt. No. 75 (E.D. Tex. July 21, 2014) (Gilstrap, J.) (reaffirming analysis and result of earlier *Rockstar* decision, post-*Alice*). The limitations include a database containing health and medication information, interpreter and reformatter means for processing prescription information (which can be received in a random sequence), and information regarding the medication that may be prescribed.

11. The dependent claims add further "additional features" and "meaningful limitations" that will make a Rule 12 dismissal based on Section 101 subject matter ineligibility inappropriate. For instance, Claim 4 adds patient search functionality; Claim 7 adds a computer display screen having a field for entering medication information; Claim 9 includes means for modifying previous medication prescriptions; Claim 13 adds means for alerting the user to potentially adverse situations as a result of the prescribed medications, including allergic reactions (Claim 14) and adverse interactions between two or more prescribed medications (Claim 15); Claim 16 adds means for automatically determining product formulation and compounding; and Claim 20 adds administrative interface means to receive and store administrative messages relating to predetermined situations.

12. The '095 Patent itself describes the shortcomings and inefficiencies of the prior art, in relation to manual human-generated drug orders and to computer systems available at the time, further demonstrating the inventive aspects of the '095 Patent. *See* '095 Patent at cols. 1-2.

13. Turning to the legal issues, the law is such that "it will be rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter[,] because every issued patent is presumed to have been issued properly, absent clear and

convincing evidence to the contrary." *Ultramercial*, 722 F.3d at 1338 (reversing district court's dismissal of plaintiff's patent claims based on lack of subject matter eligibility). These facts and law, however, have not dissuaded the moving defendants from filing their Section 101 Motions to Dismiss.

14. In *Ultramercial*, the Federal Circuit noted that the analysis under Section 101, while ultimately a legal determination, is rife with underlying factual issues. For example, any inquiry into the scope of preemption – how much of the field is "tied up" by the claim – by definition will involve historic facts: identifying the "field," the available alternatives, and preemptive impact of the claims in that field. *Id.* at 1339. The Court concluded that "[t]he presence of factual issues coupled with the requirement for clear and convincing evidence normally will render dismissal under Rule 12(b)(6) improper." *Id.*

15. Moreover, the Court in *Ultramercial* noted that, "in part because of the factual issues involved, claim construction normally will be required" before a court can make a determination of subject matter eligibility under Section 101. *Id.* The Court further noted that the procedural posture of the case may indicate whether claim construction is required, and it identified Rule 12 motions as a situation most unlikely for a subject matter ineligibility finding to be proper. *Id.*

**The Discovery Sought by Presqriber**

16. Here, Presqriber seeks to take limited discovery of the defendants related to the Section 101 Motions to Dismiss, consisting of 53 requests for admission and 1 interrogatory. *See* Exhibits B (example Requests for Admission) and C (example Interrogatory), and to do so such that full and complete responses are due shortly before the deadline for Presqriber to serve its response brief. Presqriber provided these discovery requests to each defendant promptly after

it answered or otherwise responded to Presqriber's Complaint, so each defendant has had the requests for several days before this Motion for Leave was filed. Presqriber's discovery requests to each defendant are identical. Presqriber's discovery requests are tailored to demonstrate that there are underlying fact issues in dispute and that claim construction is necessary prior to any Section 101 determination in this case, and therefore that the pending Section 101 Motions to Dismiss should be denied.

17. Generally, Presqriber's requests for admission to each defendant take limitations contained in Claims 1, 4, 5, 7, 9, 13, 14, 15, 16 and 20 of the '095 Patent[6] and pose 3 questions to the defendant about that limitation (sometimes 4 if the limitation has two constituent parts) – (1) admit that the defendant's accused instrumentality[7] performs the limitation; (2) admit that the limitation does not need to be construed; and (3) admit that the defendant has no defenses to infringement based on the limitation. Requests for Admission 12 through 14 to AO Capital are illustrative:

> 12. Admit that the Accused Instrumentalities, in their normal intended use, include "means for communicating [] medication prescription[s] to a pharmacy," as set forth in Claim 1 of the '095 Patent.
>
> 13. Admit that the term "means for communicating said medication prescription to a pharmacy" that is contained in Claim 1 of the '095 Patent does not need to be construed in this case, in whole or in part.
>
> 14. Admit that Defendant has no defenses to infringement based on the claim limitation "means for communicating said medication prescription to a pharmacy" that is contained in Claim 1 of the '095 Patent.

---

[6] Inclusion of discovery related to all claims of the '095 Patent would be appropriate because (a) the moving defendants seek to invalidate all claims of the '095 Patent, and (b) the time has not yet come for Presqriber to serve its infringement contentions on the defendants identifying the claims it seeks to assert against each defendant. However, in an attempt to limit and focus the discovery requests, Presqriber has focused on these 10 claims rather than propounding discovery directed to all 28 claims of the '095 Patent.

[7] Generally, the accused instrumentality for each defendant comprises e-prescribing functionality of the defendants' Electronic Health Record systems that have achieved ONC-ATCB Certification for "Ambulatory" and/or "Inpatient" medical practices.

18. According to Presqriber's preliminary investigation based on publicly available material, all of the defendants' accused instrumentalities prescribe medication for patients, based on the fact that they have achieved ONC-ATCB Certification for "Ambulatory" and/or "Inpatient" medical practices, which requires e-prescribing functionality. Therefore, if the '095 Patent is subject matter ineligible because it completely preempts the "abstract idea" of "prescribing medication for a patient" as defendants suggest, without adding "additional features" or "meaningful limitations," and if the claims do not require construction as the moving defendants suggest in their Section 101 Motions to Dismiss, then the answer to each of these requests for admission should be an unequivocal "admit."[8] If the answers are not unequivocal admissions, this will confirm that there are factual issues and claim construction issues in this case that preclude the granting of a Rule 12 motion based on Section 101.

19. The single interrogatory propounded by Presqriber asks the defendant to, for each request for admission that the defendant does not unequivocally admit, identify and explain in detail all reasons why the defendant does not admit the request. Like the requests for admission, this interrogatory is designed to identify and illustrate in further detail the disputed factual issues in the case, and also identify and shed light on the claim construction disputes – both further illustrating that the granting of a Rule 12 motion based on Section 101 is inappropriate.[9]

---

[8] Even if the defendants unequivocally admit each of the requests, this does not mean that the '095 Patent is subject matter ineligible and therefore invalid. *See* paragraphs 8 through 12 above, discussion how the '095 Patent, on its face, is not subject matter ineligible. Presqriber can discuss this subject in more detail in its responsive briefing on the Section 101 Motions to Dismiss. However, it seems apparent that the Section 101 Motions to Dismiss could not possibly be granted if the defendants answer in any way other than an unequivocal admission of each of the requests for admission.

[9] In the unlikely event that a defendant can deny a request for admission for a reason that does not illustrate the presence of fact issues and/or claim construction issues, the interrogatory also gives the defendant an opportunity to explain that situation.

**<u>The Court Should Order the Defendants to Fully and Completely Respond to Presqriber's Discovery Requests</u>**

20.     The relief requested by the moving defendants in their Section 101 Motions to Dismiss is draconian and wide-ranging. The moving defendants wish to kill each and every claim of the '095 Patent and eliminate not just their own cases, but also the related cases involving the '095 Patent. In relation to the enormity of the relief that the moving defendants request, the burden on the defendants to respond to the limited discovery propounded by Presqriber is small.

21.     In addition, in light of the fact that the relief requested by the moving defendants is case-determinative, not only for these cases but for the other Presqriber cases as well, and the fact that the requested discovery is tailored to the relief requested and is designed to help Presqriber defend itself against the potential loss of its patent, there is more than sufficient justification and good cause to overcome objections by defendants that the discovery is premature under Fed. R. Civ. P. 26(d)(1) (limiting discovery prior to the Rule 26(f) conference, although with exceptions when authorized by the Federal Rules, stipulation or court order) and/or P.R. 2-5 (noting situations in which certain discovery is usually premature in light of the normal sequencing of a patent case and the impact of the Local Patent Rules).[10]  *See, e.g., Combat Zone Corp. v. John/Jane Does 1-2*, 2012 WL 6684711 at *1 (E.D. Tex. Dec. 21, 2012) (Gilstrap, J.) (the standard for permitting expedited discovery prior to the Rule 26(f) conference is a "good cause" standard). Early discovery related to motions to dismiss where there are factual matters at issue is standard and non-controversial. *See, e.g., Secure Axcess, LLC v. Trustmark National Bank*, Case No. 6:13-cv-788, Dkt. No. 40 (E.D. Tex. Aug. 7, 2014)

---

[10] In fact, P.R. 2-5 further highlights the fact that it is the Section 101 Motions to Dismiss that are premature, since the determination of those motions would turn on or be influenced by activities such as claim construction and disclosure of contentions that are scheduled to occur later in the case.

(Mitchell, J.) (granting plaintiff's request to take jurisdictional discovery on a motion to dismiss for lack of personal jurisdiction, and denying motion to dismiss without prejudice pending the jurisdictional discovery).

22. In addition, with respect to the non-moving defendants, Presqriber believes that it is particularly important that these defendants respond to the discovery in light of the fact that they have chosen <u>not</u> to file a similar Section 101 motion. By filing answers or Rule 12 motions solely on other grounds, the non-moving defendants tacitly recognized that, at a minimum, a Rule 12 motion based on Section 101 would not be appropriate (and perhaps that Section 101 would not present a defense likely to achieve success at all). Presqriber strongly suspects that these defendants did not file Section 101 motions because they intend to assert many of the infringement, factual and claim construction issues that are among the key reasons that the Section 101 Motions to Dismiss should be denied.[11]

**<u>Denial of the Section 101 Motions to Dismiss Would Be Appropriate Now</u>**

23. Finally, Presqriber believes that the Section 101 Motions to Dismiss can be denied now, without expending further resources of the parties and the Court. As Presqriber shows in paragraphs 8 through 15 above, the Court can determine from the face of the claims of the '095 Patent that they are not subject matter ineligible, and/or that there are fact issues and/or claim construction issues related to subject matter eligibility that defeat the Section 101 Motions to Dismiss. Denial of the Section 101 Motions to Dismiss now would put these cases back on a normal track under the Local Patent Rules and this Court's standard procedures, so that the parties' contentions and claim construction positions can be developed in an orderly sequence and issues in the case can be determined on the full record that they deserve.

---

[11] Presqriber's counsel has had contact with some of these defendants (and others whose cases have been resolved), in which the defendants made arguments based on non-infringement positions or issues of claim construction that could give rise to non-infringement arguments.

**Conclusion**

For the reasons set forth in this motion, Presqriber respectfully requests that the Court grant its motion for leave, order the defendants to fully and completely respond to the discovery requests propounded by Presqriber. Presqriber further respectfully requests that the Court grant Presqriber such other and further relief to which it is entitled. Presqriber suggests that this relief should include denial at this time of the Section 101 Motions to Dismiss, in light of the briefing and evidence submitted in connection with this Motion for Leave.

Dated: August 12, 2014　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　 /s/ Craig Tadlock
　　　　　　　　　　　　　　　　　　　　Craig Tadlock
　　　　　　　　　　　　　　　　　　　　State Bar No. 00791766
　　　　　　　　　　　　　　　　　　　　John J. Harvey, Jr.
　　　　　　　　　　　　　　　　　　　　State Bar No. 09179770
　　　　　　　　　　　　　　　　　　　　Keith Smiley
　　　　　　　　　　　　　　　　　　　　State Bar No. 24067869
　　　　　　　　　　　　　　　　　　　　**TADLOCK LAW FIRM PLLC**
　　　　　　　　　　　　　　　　　　　　2701 Dallas Parkway, Suite 360
　　　　　　　　　　　　　　　　　　　　Plano, Texas 75093
　　　　　　　　　　　　　　　　　　　　903-730-6789
　　　　　　　　　　　　　　　　　　　　craig@tadlocklawfirm.com
　　　　　　　　　　　　　　　　　　　　john@tadlocklawfirm.com
　　　　　　　　　　　　　　　　　　　　keith@tadlocklawfirm.com

　　　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff Presqriber, LLC*

## **CERTIFICATE OF CONFERENCE**

I hereby certify that on July 30-31, 2014, and continuing on August 11-12, 2014, I conferred with counsel for the affected defendants. Defendants are opposed to the relief sought by this motion (other than defendant Aprima, which indicated that it takes no position on this motion), resulting in an impasse and leaving an open issue for the Court to resolve.

      /s/ *Craig Tadlock*
      Craig Tadlock

## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 12th day of August, 2014.

      /s/ *Craig Tadlock*
      Craig Tadlock