# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,** | |
| Plaintiff, | Case No. 6:14-cv-440 |
| v. | **PATENT CASE** |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |

**PLAINTIFF PRESQRIBER'S EMERGENCY MOTION FOR EXTENSION
OF TIME TO FILE ITS RESPONSE BRIEF ON PENDING MOTIONS TO DISMISS**

Plaintiff Presqriber, LLC ("Presqriber") hereby files this opposed Emergency Motion for Extension of Time to File Its Response Brief on Pending Motions to Dismiss, and in support thereof shows the Court as follows:

1. On May 8, 2014, Presqriber filed 26 related cases asserting infringement of U.S. Patent No. 5,758,095 (the "'095 Patent"). Very generally, the accused instrumentality for each defendant in the related cases comprises e-prescribing functionality of the defendants' Electronic Health Record systems.[1]

2. On July 29 through August 1, 2014, Defendants AO Capital, CureMD, E-MDs, and Medhost (the "moving defendants") filed substantially similar Motions to Dismiss for Failure to State a Claim in their respective cases. (Dkt. No. 12 in Case No. 6:14-cv-440; Dkt. No. 16 in Case

---

[1] Aside from the 4 defendants at issue in this motion, there are 10 other defendants who have answered or otherwise responded to the Complaints. The rest of the original related cases are either resolved through agreements that are either finalized or are agreed in principle (7 defendants), or their answers have not yet come due (5 defendants).

No. 6:14-cv-446; Dkt. No. 12 in Case No. 6:14-cv-448; Dkt. No. 11 in Case No. 6:14-cv-454).[2] These Motions are filed under Fed. R. Civ. P. 12(b)(6), and the grounds for the Motions are based on Defendants' argument that the '095 Patent is subject matter ineligible under 35 U.S.C. § 101 (collectively, the four pending motions will be referred to as the "Section 101 Motions to Dismiss"). The Section 101 Motions to Dismiss are, of course, potentially case-dispositive.

    3.    On July 7 through August 5, 2014, ten other defendants filed answers or otherwise responded to Presqriber's Complaints against them.[3]

    4.    Presqriber contends that the Section 101 Motions to Dismiss cannot be granted because of the presence of fact issues and claim construction issues that prevent a finding of subject matter ineligibility under the legal standards in effect at the Rule 12/motion to dismiss stage. *See, e.g., Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338-39 (Fed. Cir. 2013), *vacated on other grounds sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (U.S. June 30, 2014); *see also Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 1998053 at *3 (E.D. Tex. May 15, 2014) (Gilstrap, J.). As the Court in *Ultramercial* stated, "it will be rare that a patent infringement suit can be dismissed at the pleading stage for lack of patentable subject matter[,] because every issued patent is presumed to have been issued properly, absent clear and convincing evidence to the contrary." *Ultramercial*, 722 F.3d at 1338. The Court in *Ultramercial* further noted that the decision on a section 101 motion to dismiss, while ultimately a legal determination, is rife with underlying factual issues. For example, any inquiry into the scope of

---

[2] Defendant Practice Fusion, Inc. ("Practice Fusion"), in Case No. 6:14-cv-460, also filed a motion to dismiss on the same grounds on August 4, 2014, but Presqriber has since entered into an agreement in principle with Practice Fusion to settle that case.

[3] Defendants Cerner and Medent filed Rule 12 motions on other grounds (Cerner's was based on a pleading issue, and Medent's on a personal jurisdiction issue (discovery with respect to the Medent motion will be addressed separately)). All other defendants answered.

preemption – how much of the field is "tied up" by the claim – by definition will involve historic facts: identifying the "field," the available alternatives, and preemptive impact of the claims in that field. *Id.* at 1339. The Court concluded that "[t]he presence of factual issues coupled with the requirement for clear and convincing evidence normally will render dismissal under Rule 12(b)(6) improper." *Id.*

5. In support of its contention that the Section 101 Motions to Dismiss cannot be granted because of the presence of fact issues and claim construction issues, Presqriber has sent proposed discovery to the 14 defendants who have answered or otherwise responded to Presqriber's Complaints. These defendants have not stipulated to provide the discovery responses; therefore, Presqriber has filed an opposed Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss (the "Motion for Leave"). Presqriber incorporates by reference the Motion for Leave, as it provides further detail on the discovery and the reasons Presqriber seeks it in relation to the Section 101 Motions to Dismiss.

6. Presqriber believes that it should receive the answers to the discovery before it is required to file its response to the Section 101 Motions to Dismiss, much like a plaintiff would be entitled to jurisdictional discovery before having to respond to a motion to dismiss for lack of personal jurisdiction. *See, e.g., Secure Axcess, LLC v. Trustmark National Bank*, Case No. 6:13-cv-788, Dkt. No. 40 (E.D. Tex. Aug. 7, 2014) (Mitchell, J.) (granting plaintiff's request to take jurisdictional discovery on a motion to dismiss for lack of personal jurisdiction, and denying motion to dismiss without prejudice pending the jurisdictional discovery). Without the discovery (or, in the worst case, an order from the Court denying the discovery), Presqriber would be meaningfully prejudiced in its response to the Section 101 Motions to Dismiss.

7.    Presqriber has attempted to coordinate with counsel for the defendants on a briefing schedule on the Motion for Leave, and to coordinate that schedule with a briefing schedule on the Section 101 Motions to Dismiss. Defendants have (a) declined Presqriber's request for expedited briefing on the Motion for Leave (even though Presqriber provided defendants with a substantially-complete draft of the Motion for Leave for evaluation purposes); and (b) declined to extend the deadline for Presqriber to respond to the Section 101 Motions to Dismiss until after either the Motion for Leave is granted and the discovery provided, or the Motion for Leave is denied.

8.    Given that Presqriber's earliest deadline to respond to a Section 101 Motion to Dismiss is Friday, August 15, and the defendants have not agreed to an extension,[4] Presqriber is filing this motion on an emergency basis.

Wherefore, Presqriber respectfully requests that the Court grant this Emergency Motion for Extension of Time to File Its Response Brief on Pending Motions to Dismiss and order that Presqriber's responsive brief on the Section 101 Motions to Dismiss is extended until (a) if Presqriber's Motion for Leave is granted, 14 days after the date the defendants serve full and complete discovery responses on Presqriber, or (b) if Presqriber's Motion for Leave is denied, 14 days after the date of the Court's Order denying the Motion for Leave.

---

[4] Some defendants have agreed to extend the deadline for Presqriber's response to the Section 101 Motions to Dismiss for a short period of time to coordinate Presqriber's response date, but this is beside the point. All of the affected defendants have been clear that they will not extend the deadline long enough to allow the Motion for Leave to be briefed and ruled upon before Presqriber's response is due.

Dated: August 12, 2014							Respectfully submitted,

       */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff Presqriber, LLC*

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 30-31, 2014, and continuing on August 11-12, 2014, I conferred with counsel for the affected defendants. Defendants are opposed to the relief sought by this motion, resulting in an impasse and leaving an open issue for the Court to resolve.

      /s/ *Craig Tadlock*
      Craig Tadlock

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 12th day of August, 2014.

      /s/ *Craig Tadlock*
      Craig Tadlock