# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,** | |
| Plaintiff, | Case No. 6:14-cv-440 |
| v. | **PATENT CASE** |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |

**PLAINTIFF PRESQRIBER'S REPLY BRIEF ON EMERGENCY
MOTION FOR EXTENSION OF TIME TO FILE ITS
<u>RESPONSE BRIEF ON PENDING MOTIONS TO DISMISS</u>**

Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff Presqriber, LLC*

Plaintiff Presqriber, LLC ("Presqriber") files this Reply Brief to address two particular issues raised in the response briefs on Presqriber's Emergency Motion for Extension of Time to File Its Response Brief on Pending Motions to Dismiss, as follows:

**1. <u>The Discovery Sought By Presqriber Is Particularly Important Because the Court Must View All Facts in the Light Most Favorable to Presqriber and Draw All Reasonable Inferences in Favor of Presqriber</u>.**

Most of Defendants' response brief is actually a response to Presqriber's pending Motion for Leave to Take Limited Discovery related to the pending Section 101 Motions to Dismiss, rather than a response to Presqriber's actual motion, which was to sequence the briefing such that the Motion for Leave is briefed and decided first, and then the briefing can be completed on the Section 101 Motions to Dismiss.

Given that the Defendants seem to want to address the Motion for Leave now (even though they declined Presqriber's request for expedited briefing on the Motion for Leave), Presqriber will use this reply brief to highlight one glaring issue that shows that the Motion for Leave should be granted and Presqriber should have the opportunity to present the results of that discovery in connection with its briefing on the Section 101 Motions to Dismiss (or, alternatively, that the Section 101 Motions to Dismiss should simply be denied outright):

As defendants point out in their response brief, on a 12(b)(6) Motion, the Court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). Following from these bedrock principles, for the Section 101 Motions to Dismiss to be granted, the *only* plausible reading of the patent must be that there is clear and convincing evidence of ineligibility." *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d

1335, 1338 (Fed. Cir. 2013) (emphasis in original), *vacated for further consideration*[1] *sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (U.S. June 30, 2014) ; *accord*, *Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 1998053 at *4 (E.D. Tex. May 15, 2014) (Gilstrap, J.), *analysis re-confirmed post-Alice in Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2:13-cv-894, Dkt. No. 75 (E.D. Tex. July 21, 2014) (Gilstrap, J.).

With respect to the fact issues underlying whether the '095 Patent merely comprises an "abstract idea" or whether it is a patent-eligible application, such as the scope of preemption and the available alternatives (*see Ultramercial*, 722 F.3d at 1339), the light most favorable to Presqriber (for purposes of the pending Section 101 Motions to Dismiss only) would be the reading of the '095 Patent that gives rise to the narrowest scope of preemption and the most available alternatives. Presqriber anticipates that all of the defendants in these related cases (including the defendants who have filed Section 101 Motions to Dismiss ***and*** those defendants who have not filed Section 101 Motions) will assert that their products and systems do not infringe. The non-infringement positions that the defendants will take will almost certainly support the notion that the field is not preempted by the '095 Patent and that there are available alternatives. Ultimately, Presqriber may not agree with the positions taken by the defendants – but ***for purposes of these Rule 12(b)(6) motions only***, they are highly relevant to the analysis that the Court is required to undertake.

---

[1] Defendants accuse Presqriber of mis-citing the *Ultramercial* case in its Emergency Motion. Presqriber asserts that its citation was correct. In its short order in *WildTangent*, the Supreme Court simply vacated *Ultramercial* for further consideration in light of *Alice* (*i.e.*, whether the patent at issue is subject matter eligible after the *Alice* decision). There is nothing to indicate that the points for which Presqriber cites to *Ultramercial* – that is, the procedure and standards on Rule 12(b)(6) motions challenging subject matter eligibility under 35 U.S.C. §101 – have changed in any way or are no longer effective. Nonetheless, Presqriber has adjusted its citation of *Ultramercial* here.

Likewise, with respect to claim construction, at the moment for purposes of the pending Rule 12 motions only, the claim construction most favorable to Presqriber would be the narrowest plausible constructions. Presqriber anticipates that the narrowest plausible constructions would be those proposed by defendants in their P.R. 4-2 and 4-3 disclosures, and in their responsive claim construction brief. Generally, these are the constructions that defendants propose to avoid infringement. Defendants have chastised Presqriber for not providing proposed constructions, but that criticism is entirely misdirected – it is the *defendants* who have the burden of coming forward with proposed constructions to show the absence of issues and invalidity by clear and convincing evidence.

These points also illustrate that decisions on Section 101 issues are best made in the context of the case as a whole, with a developed record on infringement, invalidity, and claim construction, so that the issues can be determined on a consistent and complete record.

For these reasons and the other reasons set forth in Presqriber's Emergency Motion and its Motion for Leave to Take Discovery, either (a) Presqriber's response brief should be sequenced after the Motion for Leave is granted and the defendants provide full and complete answers to the discovery sought by Presqriber, or (b) the Section 101 Motions to Dismiss should simply be denied outright.

## 2. **Presqriber's Counsel Has Done Nothing Inappropriate.**

In their response briefs, the defendants assert that Presqriber's counsel made inappropriate threats to the defendants. One defendant, Medhost, goes so far as to include a citation to Fed. R. Civ. P. 11, at least implying that Presqriber's counsel has committed a Rule 11 violation. *See* Medhost Response Brief at 10.

These allegations are a serious matter, they are inappropriate, unbecoming, and highly offensive, and they are wrong.

Presqriber is happy for the Court to read and consider its email of July 30 that is attached as Exhibit B to some of the response briefs (*see, e.g.*, Dkt. No. 17-2 in Case No. 6:14-cv-440).

On July 29, the defendants had begun to file case-dispositive Section 101 Motions to Dismiss in what appeared to be a coordinated fashion (since two defendants represented by different counsel had filed identical motions). On July 30, Presqriber promptly responded to these critical issues. Presqriber had identified that there were fact issues and claim construction issues that were relevant to the Section 101 Motions to Dismiss, and it cited case law in its explanation of why those matters were relevant. Presqriber identified to all defendants that it had served discovery focused on certain issues relevant to the case-dispositive motions on two defendants. Presqriber asked defendants whether they would object to the discovery requests or whether an opposed motion for leave would be necessary. Presqriber gave the other defendants a heads up on its forthcoming discovery requests so that their counsel could begin to consider the issues. Presqriber asked the defendants about consolidating the cases under the Court's standard procedures for serially-filed related cases, and it asked defendants about coordinating the discussions and briefing dates (as it turned out, despite these efforts, many defendants never responded on consolidation, and defendants did little to nothing to coordinate).

At the same time it acted to preserve its client's rights in response to case-dispositive motions, Presqriber's counsel was prompt, professional, and proactive in attempting to give defense counsel full disclosure about Presqriber's positions and coordinate the issues for an orderly presentation to the Court. One would think that these efforts would be commended, not criticized.

The last paragraph of the email relates to Presqriber's Early Settlement Program and answer dates. Presqriber prefers licensing to litigation, and it maintains an Early Settlement Program ("ESP") to attempt to license before the parties expend substantial effort in litigation. Generally, under the ESP, Presqriber's counsel provided a discounted early settlement offer to defense counsel along with a preliminary claim chart so that the defendant could make an early evaluation of whether it wanted to engage in early licensing discussions. Because the licensing offers are highly discounted, they are necessarily time-limited – in each case Presqriber notes that the ESP runs only until the defendant answers or otherwise responds to its Complaint. All the July 30 email did was remind the defendants of that program and reiterate the expiration of ESP offers. In addition, with respect to answer dates, most of the defendants had already reached the maximum 45 days of extensions allowed under this Court's Standing Order, and Presqriber reiterated that it would not agree to further extensions absent a Local Rule AT-3(J) issue or a meaningful settlement discussion that might constitute good cause for a further extension under the Court's Standing Order.

There was no improper threat and no improper motive here. Presqriber believes that defendants simply did not like that Presqriber was prepared to vigorously defend its patent.

In light of the way this issue was raised by the defendants, Presqriber respectfully requests a statement from the Court in its order on the Emergency Motion that Presqriber's counsel has done nothing inappropriate here and in fact should be commended for its proactive approach to identify and coordinate the issues. To the extent Medhost refuses to withdraw its allegation under Rule 12 and the Court believes that further information is necessary, Presqriber respectfully requests a hearing at the Court's earliest convenience so that the matter can be resolved and put to bed once and for all.

Dated: August 19, 2014                          Respectfully submitted,

                                                    */s/ Craig Tadlock*
                                                    Craig Tadlock
                                                    State Bar No. 00791766
                                                    John J. Harvey, Jr.
                                                    State Bar No. 09179770
                                                    Keith Smiley
                                                    State Bar No. 24067869
                                                    **TADLOCK LAW FIRM PLLC**
                                                    2701 Dallas Parkway, Suite 360
                                                    Plano, Texas 75093
                                                    903-730-6789
                                                    craig@tadlocklawfirm.com
                                                    john@tadlocklawfirm.com
                                                    keith@tadlocklawfirm.com

                                                   ***Attorneys for Plaintiff Presqriber, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 19th day of August, 2014.

                                                   */s/ Craig Tadlock*
                                                   Craig Tadlock