**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| **PRESQRIBER, LLC,** | |
| Plaintiff, | Case No. 6:14-cv-439 |
| v. | **PATENT CASE** |
| **AMAZING CHARTS, LLC,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE** | Case No. 6:14-cv-440 |
| **APRIMA MEDICAL SOFTWARE, INC.** | Case No. 6:14-cv-441 |
| **ATHENAHEALTH, INC.** | Case No. 6:14-cv-442 |
| **CERNER CORPORATION** | Case No. 6:14-cv-443 |
| **COMMUNITY COMPUTER SERVICE, INC. d/b/a MEDENT** | Case No. 6:14-cv-444 |
| **COMPUTER PROGRAMS AND SYSTEMS, INC.** | Case No. 6:14-cv-445 |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **ECARESOFT, INC.** | Case No. 6:14-cv-447 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **McKESSON CORPORATION** | Case No. 6:14-cv-453 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |
| **NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC** | Case No. 6:14-cv-458 |
| **QUADRAMED CORPORATION** | Case No. 6:14-cv-461 |

**PLAINTIFF PRESQRIBER'S REPLY BRIEF ON**
**MOTION FOR LEAVE TO TAKE LIMITED AND**
<u>**EXPEDITED DISCOVERY ON PENDING MOTIONS TO DISMISS**</u>

Plaintiff Presqriber, LLC ("Presqriber") files this Reply Brief to address particular issues raised in the response briefs on Presqriber's Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss, as follows:

1. **The Discovery Sought By Presqriber Is Particularly Important as to All Defendants (Moving *and* Non-Moving), Because the Court Must View All Facts in the Light Most Favorable to Presqriber and Draw All Reasonable Inferences in Favor of Presqriber.**

As several of the defendants point out in their response brief, on a 12(b)(6) Motion, the Court "accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). The Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-movant. *Erickson v. Pardus,* 551 U.S. 89, 93-94 (2007). Following from these bedrock principles, for the Section 101 Motions to Dismiss to be granted, the *only* plausible reading of the patent must be that there is clear and convincing evidence of ineligibility." *Ultramercial, Inc. v. Hulu, LLC*, 722 F.3d 1335, 1338 (Fed. Cir. 2013) (emphasis in original), *vacated for further consideration*[1] *sub nom. WildTangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (U.S. June 30, 2014) ; *accord*, *Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, 2014 WL 1998053 at *4 (E.D. Tex. May 15, 2014) (Gilstrap, J.), *analysis re-confirmed post-Alice in Rockstar Consortium US LP, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2:13-cv-894, Dkt. No. 75 (E.D. Tex. July 21, 2014) (Gilstrap, J.).

---

[1] Some defendants have accused Presqriber of mis-citing the *Ultramercial* case. Presqriber asserts that its citation was correct. In its short order in *WildTangent*, the Supreme Court simply vacated *Ultramercial* for further consideration in light of *Alice* (*i.e.*, whether the patent at issue is subject matter eligible after the *Alice* decision). There is nothing to indicate that the points for which Presqriber cites to *Ultramercial* – that is, the procedure and standards on Rule 12(b)(6) motions challenging subject matter eligibility under 35 U.S.C. §101 – have changed in any way or are no longer effective. Nonetheless, Presqriber has adjusted its citation of *Ultramercial* here.

1

With respect to the *__fact issues__* underlying whether the '095 Patent merely comprises an "abstract idea" or whether it is a patent-eligible application, such as the scope of preemption and the available alternatives (*see Ultramercial*, 722 F.3d at 1339), the light most favorable to Presqriber (for purposes of the pending Section 101 Motions to Dismiss only) would be the reading of the '095 Patent that gives rise to the narrowest scope of preemption and the most available alternatives. Presqriber anticipates that *__all__* of the defendants in these related cases (including the defendants who have filed Section 101 Motions to Dismiss *__and__* those defendants who have not filed Section 101 Motions) will assert that their products and systems do not infringe. The non-infringement positions that the defendants will take will almost certainly support the notion that the field is not preempted by the '095 Patent and that there are available alternatives. Ultimately, Presqriber may not agree with the positions taken by the defendants – but *__for purposes of these Rule 12(b)(6) motions only__*, they are highly relevant to the analysis that the Court is required to undertake.

Some of these fact issues have already come to light in papers filed by certain defendants. For instance, defendant Athenahealth has stated in support of its counterclaims that its Accused Instrumentalities "do not have, either literally or under the doctrine of equivalents, the following element of claim 1: 'means for accepting and processing information regarding said medication prescriptions for said patient from the user including interpreter and reformatter means for processing said information received in a random sequence …" *See* Athenahealth Answer & Counterclaims (Case No. 6:14-cv-442, Dkt. No. 13 at ¶ 16). Presqriber does not agree with this statement. But *__for purposes of the Rule 12(b)(6) motions only__*, Presqriber is entitled to have the '095 Patent read in the light most favorable to Presqriber for purposes of the Section 101 issues. And in that light, this pleading supports the notion that the '095 Patent would not preempt the

field of electronic prescriptions and that there are alternatives for e-prescribing that would not be covered by the '095 Patent. And this is a fact issue that goes into the Section 101 determination.

Likewise, with respect to claim construction, at the moment *__for purposes of the pending Rule 12 motions only__*, the claim construction most favorable to Presqriber would be the narrowest plausible constructions. Presqriber anticipates that the narrowest plausible constructions would be those proposed by defendants in their P.R. 4-2 and 4-3 disclosures, and in their responsive claim construction brief. Generally, these are the constructions that defendants propose to avoid infringement. Some defendants have chastised Presqriber for not providing proposed constructions, but that criticism is entirely misdirected – on a Rule 12 motion, it is the *defendants* who have the burden of coming forward with proposed constructions to show the absence of issues and invalidity by clear and convincing evidence.

**2.    The Decisions in This Case Should Be Made on a Complete and Consistent Record, and Presqriber Should Have the Opportunity to Develop That Record Through the Propounded Discovery, or Through Denial of the Section 101 Motions to Dismiss and Proceeding According to the Local Patent Rules.**

The points made in Section 1 above also illustrate that decisions on Section 101 issues are best made in the context of the case as a whole, with a developed record on infringement, invalidity, and claim construction, so that the issues can be determined on a consistent and complete record.

In his recent opinion on Section 101 issues, Judge Bryson (sitting by designation this District) illustrated the importance of this point. *See Loyalty Conversion Sys. Corp. v. American Airlines, Inc., et al.*, Case No. 2:13-cv-655, Dkt. No. 129 (E.D. Tex. Sept. 3, 2014). Unfortunately, Judge Bryson found the patent in suit in *Loyalty Conversion* to be Section 101-ineligible, but he made sure to do so on a complete and consistent record. Judge Bryson noted that the question of law presented by a Section 101 challenge "may contain underlying factual

3

issues." *Id.*, Slip Op. at p. 7 (quoting *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1341 (Fed. Cir. 2013)). Judge Bryson did not make his Section 101 decision until he found that "the parties have not pointed to any factual issues that could affect the Court's analysis of the section 101 issue." *Id.* at pp. 7-8. Here, Presqriber is attempting to show, through its discovery requests, that there are indeed important factual issues that go to the Section 101 analysis, which preclude the granting of Section 101 Motions to Dismiss.

Likewise, Judge Bryson reaffirmed the Federal Circuit precedent that "it will ordinarily be desirable – and often necessary – to resolve claim construction disputes prior to a § 101 analysis, for the determination of patent eligibility requires a full understanding of the basic character of the claimed subject matter." *Id.* at p. 8 (quoting *Bancorp Servs., L.L.C. v. Sun Life Assurance Co.*, 687 F.3d 1266, 1273-74 (Fed. Cir. 2012)). Accordingly, Judge Bryson "waited until after the claim construction hearing … to rule on the [Section 101] motion in order to ensure that there are no issues of claim construction that would affect the Court's legal analysis of the patentability issue." *Id.* Again, Judge Bryson's reasoning supports a denial of the Section 101 Motions to Dismiss at this time, but in the event the Court is inclined to consider the Motions now, it shows that Presqriber should have a fair opportunity, through the discovery it has propounded, to fully develop the claim construction record so that the Court can understand what would be the constructions most favorable to Presqriber in the context of the Section 101 analysis.

Several of the defendants' arguments in their responses fully support this position. For example, defendant Amazing Charts speaks of wanting to see Presqriber's infringement contentions before asserting its non-infringement and claim construction positions. *See* Amazing Charts Response, Case No. 6:14-cv-439, Dkt. No. 17 at pp. 3-4. In fact, Presqriber largely

4

agrees with the following statement from the Amazing Charts Response: "This Court's Patent Rules contemplate an orderly schedule for disclosing much of this information [*i.e.,* infringement, non-infringement, and claim construction positions] spanning a period of months. *See* P.R. 3-1 – P.R. 4-5." *Id.* at p. 4. This further highlights a key reason why the Moving Defendants' Section 101 Motions to Dismiss are premature and should be denied – the decisions in this case should be made on a complete, fully developed, and consistent record.

3. **Presqriber's Counsel Has Done Nothing Inappropriate.**

In their response briefs, some of the defendants assert that Presqriber's counsel made inappropriate threats to the defendants. Presqriber has responded to these inappropriate and offensive allegations in its Reply Brief on its Emergency Motion for Extension of Time to File Its Response Brief on Pending Motions to Dismiss (*see, e.g.,* Dkt. No. 19 in Case No. 6:14-cv-440 (defendant AO Capital Partners)). Presqriber reiterates and incorporates by reference its response here.

4. **Conclusion**

For the reasons set forth in its Motion for Leave and this reply, Presqriber respectfully requests that the Court grant its motion for leave, order the defendants to fully and completely respond to the discovery requests propounded by Presqriber. Presqriber further respectfully requests that the Court grant Presqriber such other and further relief to which it is entitled. Presqriber suggests that this relief should include denial at this time of the Section 101 Motions to Dismiss, in light of the briefing and evidence submitted in connection with Presqriber's Motion for Leave and this Reply.

Dated: September 5, 2014 Respectfully submitted,

                                                                                  */s/ Craig Tadlock*
Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff Presqriber, LLC*

### CERTIFICATE OF SERVICE

    I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 5th day of September, 2014.

                                                                                  /s/ *Craig Tadlock*
Craig Tadlock