IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **AMAZING CHARTS, LLC,** | Case No. 6:14-cv-439 <br><br> **PATENT CASE** <br><br> **JURY TRIAL DEMANDED** |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE** | Case No. 6:14-cv-440 |
| **APRIMA MEDICAL SOFTWARE, INC.** | Case No. 6:14-cv-441 |
| **ATHENAHEALTH, INC.** | Case No. 6:14-cv-442 |
| **CERNER CORPORATION** | Case No. 6:14-cv-443 |
| **COMMUNITY COMPUTER SERVICE, INC. d/b/a MEDENT** | Case No. 6:14-cv-444 |
| **COMPUTER PROGRAMS AND SYSTEMS, INC.** | Case No. 6:14-cv-445 |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **ECARESOFT, INC.** | Case No. 6:14-cv-447 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **McKESSON CORPORATION** | Case No. 6:14-cv-453 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |
| **NEXTGEN HEALTHCARE INFORMATION SYSTEMS, LLC** | Case No. 6:14-cv-458 |
| **QUADRAMED CORPORATION** | Case No. 6:14-cv-461 |

**ORDER**

Before the Court is Defendant's Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss ("the Motion"). Mot. for Leave, No. 6:14-CV-440, Doc. No. 13.[1] After considering the parties' arguments, the Motion is **DENIED**.

---

[1] Presqriber filed fourteen Motions for Leave. For the sake of clarity and brevity, the Court refers to the documents filed in the -440 case as representative of all cases except as referenced otherwise.

1

## BACKGROUND

On May 8, 2014, Presqriber, LLC ("Presqriber") filed the actions against the fourteen above-captioned Defendants alleging infringement and induced infringement of U.S. Patent No. 5,758,095 ("the '095 Patent"). Compl. ¶¶ 13, 14, No. 6:14-CV-440, Doc. No. 1.  On July 29, through August 1, 2014, Defendants AO Capital Partners LLC d/b/a Prognosis Innovation Healthcare, Cure MD.com, Inc., E-MDs, Inc., and Medhost, Inc. filed Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim in each of their cases.  Mot. to Dismiss, No. 6:14-CV-440, Doc. No. 12; Mot. to Dismiss, No. 6:14-CV-446, Doc. No. 16; Mot. to Dismiss, No. 6:14-CV-448, Doc. No. 12; Mot. to Dismiss, No. 6:14-CV-454, Doc. No. 11.  On August 18, 2014, following the Motions to Dismiss, Presqriber filed the Motion for Leave to Take Limited and Expedited Discovery on the Pending Motions to Dismiss.  Mot. for Leave at 1.

## LEGAL STANDARD

According to the Federal Rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order."  FED. R. CIV. P. 26(d)(1).  Courts may authorize discovery prior to a Rule 26(f) conference for "good cause." *Turner Indus. Grp., LLC v. Int'l Union of Operating Eng'rs, Local 450*, CIV.A. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013); *Combat Zone Corp. v. John/Jane Does 1-2*, 2:12-CV-0509, 2012 WL 6684711, at *1 (E.D. Tex. Dec. 21, 2012) (and cases cited therein).  A party may demonstrate good cause by showing that irreparable harm can be avoided by limited, expedited discovery. *Turner Indus.*, 2013 WL 2147515, at *3.

The legal standards relating to a motion to dismiss are also relevant to determine if discovery is necessary before the Court can decide on the 12(b)(6) Motions to Dismiss.  Regional

circuit law applies to motions to dismiss for failure to state a claim. *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* at 1356 (internal quotations omitted); *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). "When the allegation in a complaint, however true, could not raise an entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 558, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting 5 Wright & Miller § 1216, at 233–34).

## DISCUSSION

Presqriber seeks expedited discovery in response to four Defendants' Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim on grounds that the '095 Patent is invalid as ineligible subject matter. Mot. for Leave at 2. Presqriber asserts that the case cannot be dismissed at this time and seeks expedited discovery because factual issues underlie the subject matter eligibility analysis. Mot. for Leave at 6-8 (citing *Ultramercial, Inc. v. Hulu, LLC,* 722 F.3d 1335, 1339 (Fed. Cir. 2013), *vacated sub nom. Wild Tangent, Inc. v. Ultramercial, LLC*, 134 S.Ct. 2870 (June 30, 2014) (listing "identifying the 'field,' the available alternatives, and [the] preemptive impact of the claims in that field" as relevant facts and vacated in light of *Alice Corp. v. CLS Bank Int'l*, 134 S.Ct. 2347 (2014)). Presqriber's discovery requests include fifty-three requests for admission and one interrogatory that requires a detailed explanation for each request for admission denied. *Id.* Generally, the requests for admission pose three questions about limitations found in Claims 1, 4, 5, 7, 9, 13, 14, 15, 16, and 20 of the '095 Patent and the accused instrumentalities: "(1) admit that the defendant's accused instrumentality performs the

3

limitation; (2) admit that the limitation does not need to be construed; and (3) admit that the defendant has no defenses to infringement based on the limitation. Mot. for Leave at 7.

Defendants respond that courts regularly decide subject matter eligibility issues prior to discovery. Resp. at 3-4, No. 6:14-CV-440, Doc. No. 17.[2] Defendants assert that discovery prior to ruling on a 12(b)(6) motion is inappropriate because the court must not look outside the complaint and must accept plaintiff's well-pleaded facts as true when deciding whether to grant the motion. Resp. at 4 (citing *Encompass Office Solutions, Inc. v. Ingenix, Inc.*, No. 4:10-CV-96, 2010 WL 2639563, (E.D. Tex. June 28, 2010)). Additionally, Defendants note that the Court's Patent Discovery Order limits parties to twenty-five requests for admission and twenty-five interrogatories. Resp. at 8. In excess of the Discovery Order, Presqriber seeks fifty-three requests for admission. *Id.*; Patent Discovery Order ¶ 4, *available at* http://www.txed.uscourts.gov/page1.shtml?location=info:judge&judge=14. Defendants further assert that the single interrogatory disguises fifty-three sub-interrogatories. Resp. at 8-9.

Presqriber responds that this Court recently granted jurisdictional discovery in response to a 12(b) motion, and it should grant discovery here. *See Secure Access, LLC v. Trustmark Nat'l Bank*, No. 6:13-CV-788, 2014 WL 3884258 (E.D. Tex. Aug. 7, 2014). However, the discovery granted in *Secure Access* related to a Rule 12(b)(3) Motion for Improper Venue that challenged personal jurisdiction over defendants in the District. *Id.* Determining whether

---

[2] *Bancorp Servs., L.L.C. v. Sun Life Assurance. Co. of Canada (U.S.)*, 687 F.3d 1266 (Fed. Cir. 2012); *Content Extraction & Transmission LLC v. Wells Fargo Bank, Nat. Ass'n*, Nos. 12-2501, 12-6960, 2013 WL 3964909 (D.N.J July 31, 2013); *Compression Tech. Solutions LLC v. EMC Corp.*, No. C-12-01746, 2013 WL: 2368039 (N.D. Cal. May 29, 2013); *Uniloc USA, Inc., v. Rackspace Hosting, Inc.*, No. 6:12–CV–375, 2013 WL 7393173 (E.D. Tex. Mar. 27, 2013); *Cardpool Inc. v. Plastic Jungle Inc.*, No. C 12-04182, 2013 WL 245026 (N.D. Cal. Jan. 22, 2013); *OIP Techs., Inc. v. Amazon*, No. C-12-1233, 2012 WL 3985118 (N.D. Cal. Sept. 11 2012); *Glory Licensing LLC v. Toys "R" Us Inc*, No. 09-4252, 2011 WL 1870591 (D.N.J. May 16, 2011).

minimum contacts exist for personal jurisdiction is a fact-intensive inquiry. *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). When analyzing jurisdiction, the court may rely on all methods of available discovery to rule on a motion to dismiss. *See Driving Force Technologies, Inc. v. Panda Distribution, Inc.*, 4:10-CV-24, 2012 WL 1645634, at *1 (E.D. Tex. May 10, 2012); *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997).

Courts may determine patent subject matter eligibility prior to discovery of additional evidence. *See Rockstar Consortium US LP, Inc. v. Samsung Elecs. Co.*, Nos. 2:13-CV-894, 2:13-CV-900; 2014 WL 1998053 (E.D. Tex. May 15, 2014) (denying motion to dismiss after finding the patent was subject matter eligible on its face without discovery). Furthermore, although claim construction is often desirable for a full understanding of the claimed subject matter, it is not an "inviolable prerequisite for validity determination under § 101." *Bancorp Servs.*, 687 F.3d 1266, 1273 (Fed. Cir. 2012).

Here, the pleadings and the patent itself are sufficient. *See Cardpool*, 2013 WL 245026 at *3 (declining to consider additional evidentiary materials given the Rule 12 procedural posture of the case) ("The basic character of the claimed subject matter is readily ascertainable from the face of the patent."). The requested discovery seeks information about Defendants' positions on infringement, claim construction, and defenses to infringement rather than the underlying factual issues listed in *Ultramercial*. Finally, Presqriber's discovery requests exceed the limits of the Court's Standing Discovery Order. Accordingly, the Motion is **DENIED**.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion for Leave to Take Limited and Expedited Discovery on Pending Motions to Dismiss.[3] Presqriber is further

---

[3] Presqriber also filed its Motion for Expedited Discovery against the ten non-moving Defendants. The Motion as to the non-moving defendants is also denied.

**ORDERED** to file its response to the Motions to Dismiss within fourteen days of this order.

This order applies to the following Cases and Motions:

| Case No. 6:14-cv-439 | Doc. No. 16 |
| --- | --- |
| Case No. 6:14-cv-440 | Doc. No. 13 |
| Case No. 6:14-cv-441 | Doc. No. 13 |
| Case No. 6:14-cv-442 | Doc. No. 14 |
| Case No. 6:14-cv-443 | Doc. No. 18 |
| Case No. 6:14-cv-444 | Doc. No. 19 |
| Case No. 6:14-cv-445 | Doc. No. 16 |
| Case No. 6:14-cv-446 | Doc. No. 17 |
| Case No. 6:14-cv-447 | Doc. No. 11 |
| Case No. 6:14-cv-448 | Doc. No. 14 |
| Case No. 6:14-cv-453 | Doc. No. 16 |
| Case No. 6:14-cv-454 | Doc. No. 12 |
| Case No. 6:14-cv-458 | Doc. No. 19 |
| Case No. 6:14-cv-461 | Doc. No. 14 |

**Sep 9, 2014**

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE