IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,** | |
| Plaintiff, | Case No. 6:14-cv-440 |
| v. | **PATENT CASE** |
| **AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE,** | **JURY TRIAL DEMANDED** |
| Defendant. | |
| **CUREMD.COM, INC.** | Case No. 6:14-cv-446 |
| **E-MDs, INC.** | Case No. 6:14-cv-448 |
| **HEALTHLAND INC.** | Case No. 6:14-cv-452 |
| **MEDHOST, INC.** | Case No. 6:14-cv-454 |

## PLAINTIFF PRESQRIBER'S SUR-REPLY IN OPPOSITION TO SECTION 101 MOTIONS TO DISMISS

Craig Tadlock
State Bar No. 00791766
John J. Harvey, Jr.
State Bar No. 09179770
Keith Smiley
State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, Texas 75093
903-730-6789
craig@tadlocklawfirm.com
john@tadlocklawfirm.com
keith@tadlocklawfirm.com

*Attorneys for Plaintiff Presqriber, LLC*

Plaintiff Presqriber, LLC ("Presqriber") hereby files this Sur-Reply in Opposition to the pending Motions to Dismiss filed by Defendants AO Capital Partners LLC d/b/a Prognosis Innovation Healthcare ("AO Capital") (Dkt. No. 12 in Case No. 6:14-cv-440), CureMD.com, Inc. ("CureMD") (Dkt. No. 16 in Case No. 6:14-cv-446), e-MDs, Inc. ("e-MDs") (Dkt. No. 12 in Case No. 6:14-cv-448), Healthland Inc. ("Healthland") (Dkt. No. 14 in Case No. 6:14-cv-452), and Medhost, Inc. ("Medhost")[1] (Dkt. No. 11 in Case No. 6:14-cv-454), and respectfully shows the Court as follows:

## ARGUMENT AND AUTHORITIES

**A.     The Moving Defendants Ignore the Arguments and Key Evidence that Demonstrate that the '095 Patent is Subject Matter Eligible.**

In their reply briefs, the Moving Defendants generally ignored the evidence and key arguments that Presqriber set forth in its Response Brief that demonstrate that the '095 Patent is subject matter eligible under 35 U.S.C. § 101.[2]

1.     Presqriber's Response Brief shows that the '095 Patent claims specific, valuable **_systems_** that produce tangible results, and not merely abstract ideas like those that have been held unpatentable in some recent cases.  *See* Response Brief, Section A.2 at pp. 5-8, and Section A.5 at pp. 12-14.  The Moving Defendants, on the other hand simply repeat "abstract idea" over and over again.  Not one of the five Moving Defendants replies to Presqriber's argument that the '095 Patent is more like the patent that was found to be subject matter eligible in *U.S. Bancorp v Solutran, Inc.*, 2014 WL 3943913 (PTAB Aug. 7, 2014), because that patent's core concept, processing paper checks, was not an "abstract idea," even though the claims at issue were merely

---

[1] Collectively, AO Capital, CureMD, e-MDs, Healthland, and Medhost are referred to as the "Moving Defendants."

[2] For the most part, the Moving Defendants simply reiterated the arguments from their original motions.

method claims.  In fact, not one of the five Moving Defendants mentions the *U.S. Bancorp v. Solutran* case at all.

2.       Presqriber's Response Brief and supporting evidence demonstrate that the systems of the '095 Patent represent a valuable advancement with important benefits, that is, that prescription error rates, serious medication errors, and rates of adverse drug events are substantially reduced through the use of the systems described by the '095 Patent.  *See* Response Brief, Section A.3 at pp. 8-10.  The Moving Defendants do not contest this evidence or argue that it is inaccurate or inapplicable.  And as the Supreme Court stated in *Alice*, "[a]pplications … to a new and useful end, we have said, remain eligible for patent protection."  *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. ___, 134 S.Ct. 2347, 2354 (2014) (citing *Gottschalk v. Benson*, 409 U.S. 63, 67, 93 S.Ct. 253 (1972)).

3.       Presqriber's Response Brief and supporting evidence demonstrate that the systems of the '095 Patent do not preempt the field of prescribing medications and do not even preempt the "field" of electronic prescriptions.  *See* Response Brief, Section A.4 at 10-12.  Presqriber specifically showed that the systems of the '095 Patent do not cover manual prescriptions.  It also specifically showed that the '095 Patent does not cover e-Prescribing through a stand-alone e-Prescribing system, and it does not cover e-Prescribing without computerized physician order entry (CPOE) and clinical decision support.  *Id.*  The Moving Defendants never contested these facts or that there are many electronic systems that are outside the coverage of the '095 Patent (instead, they ignore these facts and chant their mantra that the '095 Patent is preemptive).  As the Supreme Court has stated, "[t]he concern that drives the exclusionary principle of Section 101 subject matter eligibility is one of pre-emption."  *Alice*, 134 S.Ct. at 2354 (citing *Bilski v Kappos*, 561 U.S. 593, 611-12, 130 S.Ct. 3218 (2010)).

Any one of these three points, standing alone, would support a finding that the '095 Patent is subject matter eligible under 35 U.S.C. § 101.   Together, they demonstrate overwhelmingly that the '095 Patent is subject matter eligible.

## B.   Presqriber Has Identified Relevant Claim Construction Issues.

In making its arguments that (a) the statistics showing that the systems of the '095 Patent are the type of electronic prescription systems analyzed by the Leapfrog Group that reduce prescription error rates and improves medical results, and (b) the '095 Patent is directed solely to e-Prescribing through an EHR system with computerized physician order entry (CPOE) and clinical decision support and excludes e-Prescribing through a stand-alone e-Prescribing system, e-Prescribing without CPOE and clinical decision support, and manual prescribing, Presqriber has necessarily taken claim construction positions material to the Section 101 analysis.   As discussed above and in Presqriber's Response Brief, these constructions demonstrate that the '095 Patent is subject matter eligible (or, at a minimum, that there are claim construction issues that defeat the Section 101 Motions to Dismiss).

The Moving Defendants do not directly challenge these constructions, but they take varied and mistaken positions regarding claim construction.   Moving Defendant Healthland ignores the claim construction issues altogether: "Presqriber makes no attempt to identify terms that need to be construed."   *See* Healthland Reply Brief (Dkt. No. 16 in Case No. 6:14-cv-452) at pp. 7-8.  Moving Defendant AO Capital takes a different tact – it speaks out of both sides of its mouth.   On the one hand, AO Capital admits that "for purposes of this motion, the Court may adopt claim construction most favorable to Presqriber."   *See* AO Capital Reply Brief (Dkt. No. 23 in Case No. 6:14-cv-440) at p. 8.  This statement is, of course, correct.  However, beginning on the very next page of its Reply Brief, AO Capital proceeds to criticize Presqriber's constructions: "Presqriber's response ignores the plain language of its claim and instead focuses

on language in the specification …. Presqriber appears to argue that the language and figures from the specification show that the above-mentioned claims are directed to computer-implemented inventions.  But in so doing, Plaintiff is effectively reading limitations from the patent specifications into the claims, which is not allowed."[3]  *See* AO Capital Reply Brief at pp. 9-10.

**C.    The Moving Defendants' Arguments that the '095 Patent Can Be Performed by a Human Are Flawed.**

At the highest level, the Moving Defendants' arguments that the '095 Patent can be performed by a human are flawed for the obvious reason that the claims of the '095 Patent are ***system*** claims, not method claims.  A ***method*** claim might be capable of being performed by a human, but a ***system*** claim cannot, because (a) a system claim cannot be "performed" at all, and (b) a system contains certain physical components separate and apart from the human.

Moreover, the '095 Patent describes very structured systems with very specific components.  Presqriber discusses these in some detail at pages 7-8 and 15-16 of its Response Brief.  For example, and without limitation, a system described by the '095 Patent would have to contain (a) a ***database***; (b) means for ***automatically*** accessing said database; (c) means for ***displaying a list***; and (d) ***interpreter and reformatter means***.  *See* Claim 1 of the '095 Patent (language set forth on pages 7 and 15 of Presqriber's Response Brief).   None of these components could be a human.

---

[3] Presqriber looks forward to reminding AO Capital and other defendants of these statements in the *Markman* briefing, when AO Capital and others will almost undoubtedly attempt to utilize the specification and figures of the '095 Patent to impute limitations into the claims.  This argument by AO Capital, in and of itself, vividly illustrates the knots that the Moving Defendants will tie themselves into, in their attempt to persuade the Court to dismiss these cases.

Moving Defendant AO Capital's "marked-up chart" is similarly flawed.[4]   In trying to convince the Court that the systems of the '095 Patent can be "performed" by a human (a flawed concept from the start, as discussed above), the chart reads out many of the specific limitations of the claims.   For instance, and without limitation, the chart entirely ignores the "automatically accessing" limitation, the "interpreter and reformatter means" limitation, the "information received in a random sequence" limitation, and the "database containing health and medication information regarding medications" limitation.   The first three limitations identified in the previous sentence are ignored entirely in AO Capital's chart.   The fourth identified limitation, that is, the "database containing health and medication information regarding medications" is erroneously equated to the "Patient's medical chart," which would merely contain information regarding the patient, not information regarding the medications.

In addition, Presqriber has submitted evidence, unobjected-to, that it would be impossible for a human to accurately and efficiently "perform" the systematic steps outlined by the '095 Patent (even if it were possible for a human to "perform" a system claim).   Presqriber's evidence shows that the use of the systems of the '095 Patent have substantially reduced prescription errors and adverse drug events, compared to manual prescribing.

**D.     The *Intellectual Ventures* Case Cited by AO Capital Does Not Apply Here.**

Although none of the other Moving Defendants mention this case, AO Capital puts great weight on the case of *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, 2014 WL 1513273 (E.D. Va. Apr. 16, 2014).   *Intellectual Ventures* is a pre-*Alice* case where a district court found two patents to be subject matter ineligible.   Even setting aside the fact that *Intellectual Ventures* is from a remote district court and was issued before the *Alice* decision, there are numerous

---

[4] Healthland's chart on page 4 of its Reply Brief is also terribly flawed – it mis-states several of the limitations of Claim 1 of the '095 Patent, as can readily be seen by comparing the language in the left side of the chart to the actual Claim 1, and it completely ignores that Claim 1 is a system claim.

distinctions between this case and that one.  First, at the threshold, the procedural posture was very different in *Intellectual Ventures*, because the case was decided on summary judgment, after a claim construction order had issued – not on a Rule 12-based motion to dismiss like the Moving Defendants have filed here.  *See Intellectual Ventures*, 2014 WL 1513273 at *1.  In addition, though: (a) there was no evidence in *IV* of a lack of preemption, which Presqriber has provided here; (b) there was no evidence in *IV* of important, tangible benefits of the patented inventions provided by the plaintiff there, which Presqriber has provided here; (c) there is no indication that the patents at issue in *IV* involved specific systems directed to a particular application, in contrast to the very specific systems described by the '095 Patent; and (d) the Court in *IV* expressly found that patents at issue were merely abstract ideas (which the Court described), whereas Presqriber has argued compellingly here that the core concept of the '095 Patent is not "abstract" at all.  For these reasons, the holding of the *Intellectual Ventures* case does not apply here.

**E.**       **The *Card Verification* Case Is Instructive.**

Finally, Presqriber brings to the Court's attention the case of *Card Verification Solutions, LLC v. Citigroup Inc.*, 2014 WL 4922524 (N.D. Ill. Sept. 29, 2014) (attached as Exhibit G), which had not yet come out when Presqriber filed its response brief.  In *Card Verification Solutions*, the Court denied a Rule 12(b)(6) motion to dismiss based on Section 101, holding that, when viewing the patent at issue in the light most favorable to the plaintiff, it plausibly recited a patent-eligible application of the abstract idea of verifying a transaction.  Presqriber believes that the '095 Patent presents an even more compelling case for subject matter eligibility than did the patent at issue in the *Card Verification* case, so Presqriber will not linger on the details here.  However, Presqriber presents this case to the Court as an example of a case where a patent has

survived a Rule 12(b)(6) motion to dismiss based on Section 101, and as an example of a Court properly applying a Section 101 analysis under the Rule 12 legal standards.

<u>**CONCLUSION**</u>

For the reasons set forth in its Response Brief and this Sur-Reply, Presqriber respectfully requests that the Court find that the claims of the '095 Patent are subject matter eligible and therefore deny the Section 101 Motions to Dismiss.  In the alternative, Presqriber requests that the Court deny the Section 101 Motions to Dismiss because there are fact issues and/or claim construction issues that defeat the motions.  Finally, Presqriber respectfully requests that the Court grant Presqriber such other and further relief to which it is entitled.


Dated: October 14, 2014                        Respectfully submitted,


                                               */s/ Craig Tadlock*
                                               Craig Tadlock
                                               State Bar No. 00791766
                                               John J. Harvey, Jr.
                                               State Bar No. 09179770
                                               Keith Smiley
                                               State Bar No. 24067869
                                               **TADLOCK LAW FIRM PLLC**
                                               2701 Dallas Parkway, Suite 360
                                               Plano, Texas 75093
                                               903-730-6789
                                               craig@tadlocklawfirm.com
                                               john@tadlocklawfirm.com
                                               keith@tadlocklawfirm.com

                                               *Attorneys for Plaintiff Presqriber, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system, in accordance with Local Rule CV-5(a)(3), on this the 14th day of October, 2014.

  /s/ *Craig Tadlock*
Craig Tadlock