**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PRESQRIBER, LLC,<br>    Plaintiff,<br><br>v.<br><br>AO CAPITAL PARTNERS, LLC,<br>d/b/a PROGNOSIS INNOVATION<br>HEALTHCARE, ET AL.,<br>    Defendant. | Case No. 6:14-cv-00440-KNM<br>(Consolidated Lead Case)<br><br><br>JURY TRIAL DEMANDED |
| NEWCROP, LLC,<br>    v.<br><br>PRESQRIBER, LLC, | Civil Action No. 6:14-cv-00539<br><br>PATENT CASE |

## <u>NEWCROP, LLC'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM<br>IN SUPPORT THEREOF</u>

NewCrop, LLC, (plaintiff in Civil Action No. 6:14-cv-00539 and consolidated defendant in Case No. 6:14-cv-00400-KNM) moves the Court for summary judgment on NewCrop's declaratory judgment claim requesting a declaration that U.S. Patent 5,758,095 is invalid pursuant to Federal Rule of Civil Procedure 56(c). In support of this motion, NewCrop respectfully refers the Court to the attached memorandum.

## INTRODUCTION

On May 8, 2014, Presqriber, LLC ("Defendant") filed 26 Complaints alleging infringement of U.S. Patent 5,758,095 (095 Patent). Defendant asserts that it is the owner of the patent by assignment. The 095 Patent was filed February 24, 1995, and was issued May 26, 1998. On or about May 27, 2014, NewCrop, LLC ("NewCrop") became aware that the 26 Complaints had been

filed, and that some of NewCrop's licensees were named as defendants. NewCrop filed its Original Complaint for declaratory judgment on or about June 10, 2014.

NewCrop is an industry leading electronic prescribing service that has been deployed in a wide range of EMRs and medical networks since 2003. NewCrop has over 150 partners.

At its core, the 095 Patent does nothing more than claim a patent on the long practiced abstract idea of prescribing medication for a patient. The Abstract of the 095 Patent describes the subject matter of the patent as a "system and method for ordering and prescribing drugs for a patient." Accordingly, there is no genuine issue of material fact that the 095 Patent fails to cover patent-eligible subject matter as required by 35 U.S.C. § 101. While this is not a new phenomenon, the Supreme Court in *Alice Corporation Pty., Ltd. v. CLS Bank International*, 134 S. Ct. 2347 (2014), recently reiterated the prohibition against patenting abstract ideas and business concepts, such as filling out medical prescriptions.

As a matter of law, the 095 Patent claims are not patent-eligible because the claimed subject matter consists of an abstract idea and impermissibly preempts the field of prescribing medication. Further, no discovery is needed to resolve this issue of law and there are no claim construction issues that would have any bearing on whether the patent claims meet the requirements of 35 U.S.C. § 101. As such, NewCrop respectfully requests this Court grant its motion for summary judgment and declare that the 095 patent is invalid.

# TABLE OF CONTENTS

Introduction ................................................................................................................................... 1

Table of Contents ........................................................................................................................... 3

Table of Authorities ....................................................................................................................... 4

Issues Presented ............................................................................................................................. 6

Summary of the Argument ............................................................................................................. 6

Statement of Undisputed Material Facts ....................................................................................... 7

Argument and Authorities .............................................................................................................. 8

    I.    Summary Judgment Standard ............................................................................................. 8

    II.    As a Matter of Law, None of the Asserted Claims Cover Patent-Eligible Subject Matter
and thus, the 095 Patent is Void. ........................................................................................... 9

        A.    The 095 Patent and its Lack of Claimed Innovation. ................................................. 10

        B.    The Independent Claim of the 095 Patent is Not Patent-Eligible Under
35 U.S.C. § 101 ................................................................................................................. 13

            1.    The 095 Patent fails to include any meaningful limitations to the field and practice
of prescribing medicine ..................................................................................................... 16

            2.    The 095 Patent fails to add anything to the basic principal of prescribing
medicine. .......................................................................................................................... 17

            3.    The 095 Patent fails the "machine-or-transformation" test. .................................. 18

Conclusion .................................................................................................................................... 19

# TABLE OF AUTHORITIES

## Cases

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.,*
    728 F.3d 1336 (Fed.Cir.2013)....................................................................... 8

*Alice Corporation Pty., Ltd. v. CLS Bank International,*
    134 S. Ct. 2347 (2014) ...................................................................... *passim*

*Anderson v. Liberty Lobby, Inc.,*
    477 U.S. 242 (1986)..................................................................................... 7

*Bancorp Servs., LLC v. Sun Life Assur. Co. of Can. (U.S.),*
    687 F.3d 1266 (Fed.Cir.2012)................................................................ 7, 18

*Bilski v. Kappos,*
    130 S.Ct. 3218 (2010) .................................................................. 5, 8, 9, 17

*CLS Bank Int'l v. Alice Corp. Pty. Ltd.,*
    717 F.3d 1269 (Fed.Cir.2013), *cert. granted.* ............................................. 9

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,*
    558 F.App'x 988 (Fed.Cir.2014) ......................................................... 7, 16

*Cybersource Corp. v. Retails Decisions, Inc.,*
    654 F.3d 1366 (Fed. Cir. 2011)............................................... 6, 15, 16, 18

*DDR Holdings, LLC v. Hotels.com, L.P.,*
    945 F. Supp. 2d 509 (E.D. Tex. 2013) ..................................................... 10

*Dealertrack v. Huber,*
    674 F. 3d 1315 (Fed.Cir. 2012).............................................. 12, 15, 17

*Diamond v. Diehr,*
    450 U.S. 175 (1981).................................................................................... 9

*Essex Ins. Co. v. McFadden,*
    No. 6:09-cv-00193, 2010 WL 2246293 (E.D. Tex. June 3, 2010) ............................................. 7

*Ex Parte Lyell,*
    17 USPQ2d 1548 (BPAI 1990)................................................................. 9

*Fort Properties, Inc. v. American Master Lease LLC,*
    671 F.3d 1317 (Fed. Cir. 2012)........................................................ 12, 14

*France Telecom S.A. v. Marvell Semiconductor Inc.*,
   ___ F. Supp.2d ___ 2014 WL 1478850 (N.D. Cal. 2014) ........................................................ 8

*Funk Brothers Seed Co. v. Kalo Inoculant Co.*,
   333 U.S. 127 (1948) ................................................................................................................. 5

*Gottschalk v. Benson*,
   409 U.S. 63 (1972) ................................................................................................................... 8

*IPXL Holdings, LLC v. Amazon.com, Inc.*,
   430 F.3d 1377 (Fed. Cir. 2005) .............................................................................................. 9

*King Pharmaceuticals v. Eon Labs, Inc.*,
   616 F.3d 1267 (Fed. Cir. 2010) ............................................................................................ 11

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
   132 S. Ct. 1289 (2012) .................................................................................................. *passim*

*Research Corp. Techs., Inc. v. Microsoft Corp.*,
   627 F.3d 859 (Fed.Cir.2010) ................................................................................................... 8

*Clear with Computers, LLC v. Dick's Sporting Goods, Inc.*,
   ___ F. Supp. 2d ___, 2014 WL 923280 (E.D. Tex. 2014) ................................................ 7, 17

*Ultramercial, Inc. v. Hulu, LLC*,
   772 F.3d 1335 (Fed.Cir.2103) ................................................................................................. 8

## Statutes

35 U.S.C. § 101 ............................................................................................................... *passim*

35 U.S.C. § 112 ....................................................................................................................... 9

## Rules

Fed. R. Civ. P. 56(c) ............................................................................................................... 7

## ISSUES PRESENTED

1.     There is no genuine issue of material fact that the claimed subject matter of the 095 Patent is not patent-eligible as an abstract idea, and therefore, as a matter of law, NewCrop is entitled a declaration that the 095 Patent is invalid.

## SUMMARY OF THE ARGUMENT

U.S. Patent 5,758,095 does nothing more than claim a patent on the abstract idea of, by its own words, "prescribing medication for a patient." *See* Exhibit A, p. 94.  Presqriber has attempted to preempt the entire field of electronically prescribing medication.  *Id.*  Unfortunately, the claim fails to cover patent-eligible subject matter under 35 U.S.C. § 101.  The Supreme Court has ruled repeatedly that abstract business concepts may not be removed from the public domain and owned as private property under our patent laws.  *Bilski v. Kappos,* 130 S.Ct. 3218 (2010); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct. 1289, 1301 (2012).  Such fundamental truths are "part of the storehouse of knowledge of all men . . . free to all men and reserved exclusively to none."  *Bilski,* 130 S. Ct. at 3225 (quoting *Funk Brothers Seed Co. v. Kalo Inoculant Co.,* 333 U.S. 127, 130 (1948)); *see Mayo,* 132 S. Ct. at 1301.

Earlier this year the Supreme Court reiterated the prohibition against patenting abstract business concepts, such as filling outpatient medical prescriptions.  *Alice Corporation Pty., Ltd. v. CLS Bank International, et al.,* 134 S. Ct. 2347 (2014).  An "invention is not patentable simply because it uses a "generic computer" or because it is limited to "a particular technological environment."  *Id.* at 2358.  The 095 Patent violates this basic tenet of U.S. patent law prohibiting patents that preempt a fundamental concept such as prescribing medication.  *See Alice,* 134 S. Ct. at 2358-59; *Bilski,* 130 S. Ct. at 3229-30; *Mayo,* 132 S. Ct. at 1293-94.

It is irrelevant that certain claims of the asserted patent refer to the use of generic electronic databases or computer screens because simply executing an abstract principle on a computer does not transform a naked idea into a concrete invention.  *Mayo,* 132 S. Ct. at 1300-01.  In other words,

the process of filling out a prescription form electronically is no more patentable than the process of completing the prescription form by hand.  *See id.*

Similarly, the ministerial task of using a computer to manipulate patient information and/or drug information fails to meet the court's "machine-or-transformation test" for patent eligibility. The Federal Circuit has made clear that the "manipulation or reorganization of data" does not satisfy its transformation test for patent eligibility.  *Cybersource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366, 1375 (Fed. Cir. 2011).  Using a computer to create records, adjust and manipulate data, and transmit information is without question not a patentable concept.  *Alice,* 134 S. Ct. at 2359.

As a matter of law the patent claims in this case (a) are not bound up with any specific hardware or software to perform the recited steps; (b) impermissibly preempt the field of prescribing medicine; and (c) do not pass the machine-or-transformation test, the claims are not patent-eligible and this action is ripe for summary judgment.  NewCrop, LLC respectfully requests that this Court grant summary judgment declaring the 095 Patent invalid because the claims are not patent-eligible as the claimed subject matter consists of an abstract idea and impermissibly preempts the field of prescribing medication.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1) Doctors daily prescribe medicine to patients and have been doing so for decades.

2) The process of ordering or prescribing drugs is critically important in the practice of medicine.  See Exhibit A at 85 ¶2.

3) The 095 patent is a "system and method for ordering and prescribing drugs for a patient." See Exhibit A at 1, Abstract.

4) The words "network," "software," "program," or "instruction" do not appear in the 095 patent.

5) The only mention of a computer related item is the dependent claim no. 7 where there is mention of a "computer display screen" and in dependent claim no. 12 where a "mouse" is mentioned.

6) Claim 1 of the 095 Patent is the only independent claim.

7) Claims 2 – 28 of the 095 Patent are dependent claims.

## ARGUMENT AND AUTHORITIES

### I.   Summary Judgment Standard

NewCrop, LLC moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. A party is entitled to summary judgment if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "For cases in which the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Essex Ins. Co. v. McFadden*, No. 6:09-cv-00193, 2010 WL 2246293, at *3 (E.D. Tex. June 3, 2010).

Further, claim construction is not required to decide the question of patent eligibility. *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,* 558 F.App'x 988, 992 n. 1 (Fed.Cir.2014) ("There is no requirement that the district court engage in claim construction before deciding §101 eligibility"); *see also Clear with Computers, LLC v. Dick's Sporting Goods, Inc*., ___F. Supp. 2d ___, 2014 WL 923280, at *3 (E.D. Tex. 2014) (citing *Bancorp Servs., LLC v. Sun Life Assur. Co. of Can. (U.S.),* 687 F.3d 1266, 1274 (Fed.Cir.2012).   Like the circumstances in *Clear with Computers,* the patent claims at issue here are ineligible for patent protection under any construction informed by the intrinsic record.  Lastly, the asserted patent in this case does not present a question or issue that will turn on either discovery or claim construction.  Simply put,

when examining the plain language of the 095 Patent there is no genuine issue of material fact that the patent is invalid because it claims an abstract idea.  As such, summary judgment is appropriate at this time.

## II.   As a Matter of Law, None of the Asserted Claims Cover Patent-Eligible Subject Matter and thus, the 095 Patent is Void.

Section 101 of the Patent Act defines the four categories of inventions that are eligible for patent protection:  "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof."  35 U.S.C. § 101.  However, the Supreme Court has recognized three exceptions to Section 101 – laws of nature, physical phenomena, and abstract ideas.  *Bilski,* 130 S. Ct. at 3225.  Abstract ideas are ineligible for patent protection because "they are the basic tools of scientific and technological work."  *Id.* at 3231 (quoting *Gottschalk v. Benson*, 409 U.S. 63, 67 (1972)).  It is undisputed that the process of ordering or prescribing drugs is critically important in the practice of medicine.  A patent-eligible claim must include elements that add significantly more to the basic principle.  *Mayo* 132 S.Ct. at, 1297.  Any alleged abstractness "should exhibit itself so manifestly as to override the broad statutory categories of eligible subject matter" under patent law.  *Research Corp. Techs., Inc. v. Microsoft Corp., 627* F.3d 859, 868 (Fed.Cir.2010).

"The relevant inquiry is whether a claim, as whole, includes meaningful limitations restricting it to an application, rather than merely an abstract idea."  *France Telecom S.A. v. Marvell Semiconductor Inc.,* ___ F. Supp.2d ___ 2014 WL 1478850, at *6 (N.D. Cal. 2014), citing *Accenture Global Servs., GmbH v. Guidewire Software, Inc.,* 728 F.3d 1336, 1345 (Fed.Cir.2013) (citing *Ultramercial, Inc. v. Hulu, LLC,* 772 F.3d 1335, 1342 (Fed.Cir.2103).  The Court must look for meaningful limitations that prevent the claim as a whole from covering the concepts every practical application. *CLS Bank Int'l v. Alice Corp. Pty. Ltd.,* 717 F.3d 1269, 1281 (Fed.Cir.2013),

*cert. granted.*

Lastly, while the "machine-or-transformation" (MOT) test is considered a "useful and important clue, an investigative tool, for determining whether some claimed inventions are processes under § 101," the Supreme Court has instructed that "it is not the sole test for deciding whether an invention is a patent-eligible process." *Bilski,* 130 S.Ct. at 3227. Under the MOT test, "[a] claimed process is surely patent-eligible under § 101 if: (1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing." *France Telecom,* WL 147880 at *5.

**A. The 095 Patent and its Lack of Claimed Innovation.**

The 095 Patent claims, "considered as a whole," simply fail to perform a combination of steps that "transform an unpatentable principle into a patentable process." *Diamond v. Diehr,* 450 U.S. 175, 183, 192 (1981). Rather, the patent specification generally discusses a system and/or method[1] to prescribe medication that takes information about a patient, enters it into a database, and transmits that information to a pharmacy. The absence of identifiable physical linkages to perform the supposed invention begins in the Abstract, which states:

> A system and method for ordering and prescribing drugs for a patient. The system includes an improved process for facilitating and automating the process of drug order entry. The user may interact with the system in a variety of ways such as a keyboard, mouse, pen-base entry or voice entry. The system includes a database containing medical prescribing and drug information which is both general and patient specific. The system also permits the user to view current and previously prescribed medications for any patient. The system can alert the user to potentially adverse situations as a result of the prescribed medication based on information in the database. The system also can automatically determine product selection based

---

[1] In the 095 Patent's abstract, the patent refers to a "system and method for ordering and prescribing drugs." The majority of claims, and most importantly Claim 1 purports to be a system claim. However, it appears that the system claim is impermissibly mixing system claims with method claims inappropriately under § 112. *See also IPXL Holdings, LLC v. Amazon.com, Inc.,* 430 F.3d 1377, 1384 (Fed. Cir. 2005) and *Ex Parte Lyell,* 17 USPQ2d 1548 (BPAI 1990). *Alice* has made clear, for purposes of §101 analysis the distinction is largely irrelevant. As noted herein, the *Alice* Court held "because petitioner's **system and media** claims add nothing of substance to the underlying abstract idea, we hold that they too are patent ineligible under § 101." *Alice,* 134 S.Ct. at 2360, *emphasis added.*

> on descriptions and can automatically communicate the order to a pharmacy.
> Further, the system includes a means for automatically displaying messages to the
> user relating to predetermined situations.  For example, such situations may include
> a medication which is not available in the formulary or the prescription of a non-
> recommended medication.

(Ex. A, p. 1).  This failure to identify physical linkages carries through to the remainder of

the specification, which is full of words, preferred embodiments, and figures, but adds little to

further define the abstract concept set forth in the claims.  Specifically, nowhere in the claims do

the words "computer," "network," "software," "program," and "instruction" appear.[2]  To the

contrary, the claims and the contextual disclosure in the written description lack any "physical

linkage" that is required to perform the claimed steps.  *DDR Holdings, LLC v. Hotels.com, L.P.,*

945 F. Supp. 2d 509, 527 (E.D. Tex. 2013) (Gilstrap, J.) (finding system claims patent-eligible

where they disclosed a "specific set of physical linkages").

The patent has 82 pages of figures.  Notably, none of the Figures illustrate a network.  None

of the Figures set forth a box depicting a computer.  There is no mention of code or algorithm.

There is no "how" so to speak.  Instead, the Figures include a depiction of what appear to be

proposed screen shots of the system (Figs. 2-48 and 50-71 in Ex. A), block diagrams of various

aspects of the prescription process (Figs. 49a – 491 in Ex. A), and a single flowchart that purports

to illustrate the "Poetry System."  (Fig. 1 in Ex. A). This "novel innovation" purports to contain

complex features such as "patient search by last name" (Fig. 49a) and "write prescription orders"

(Fig. 491) – none of which are novel or inventive.

Like the written description, the claims of the asserted patent lack hardware, programming

instructions, code, or algorithms – anything that might tell a person of ordinary skill the "how" to

---

[2] The only mention of a computer related item is in the dependent claim no. 7 where there is a mention of a "computer display screen" and in no. 12 where a computer "mouse" is briefly mentioned.  This is lip service to technology and does not provide the required physical linkages.

carry out the recited steps or that would provide anything unusual or patentable.  The closest the patent comes is stating that a "user interface" is needed, to which a mouse or keyboard could attach.  (Ex. A, p. 88).  However, this is not enough because it does not limit, confine or otherwise tie down the claim.

Further, the dependent claims do not cure the deficiencies of the independent claim, as they only generally target types of generic computer behavior or well-known processes related to the issuance of prescriptions.  For example: "comprising means for receiving and storing messages related to said patient"  (claim 2), "means for alerting said user to receiving and storing messages related to said patient" (claim 2), "means for alerting said user to potentially adverse situations as a result of prescribed medications based on information in said database"  (claim 13), displaying allergy information (claim 14), and of disclosing reactions between two or more medications (claim 15); all of these claims, like their counterparts, fall well short of providing a new or useful application for routine functions.[3]

None of the asserted claims identifies or claims any new software or computer technology. There is nothing present in the 095 Patent other than the "mere recitation of a generic computer" to fill out prescription forms, an attempt to limit an abstract idea "to a particular technological environment," and/or an attempt to implement the abstract idea of writing prescriptions on a computer.  *Alice,* 134 S. Ct. at 2357.   No claim withstands scrutiny under Section 101. Accordingly, NewCrop, LLC requests this Court grant Summary Judgment and declare the 095 Patent invalid.

---

[3] "The specific question before us is whether an otherwise anticipated method claim becomes patentable because it includes a step of 'informing' someone about the existence of an inherent property of that method.  We hold it does not.  The 'informing' limitation adds no novelty to the method . . ." *King Pharmaceuticals v. Eon Labs, Inc.,* 616 F.3d 1267, 1278 (Fed. Cir. 2010).

**B.  The Independent Claim of the 095 Patent is Not Patent-Eligible Under 35 U.S.C. § 101.**

Patent eligibility is evaluated from the perspective of the claims.  *Dealertrack v. Huber,* 674 F. 3d 1315, 1334 (Fed.Cir. 2012) ("In considering patent eligibility under § 101, one must focus on the claims.)  Simply taking an abstract idea and adding steps – or breaking it into steps – that involve "well understood," "routine," or "conventional" activity contributes nothing inventive to an otherwise abstract idea, leaving only the abstract idea as the subject matter of the claims. *Mayo,* 132 S.Ct. at 1294, 1299.

In *Fort Props.,* the Federal Circuit found that a real estate investment tool was not patent-eligible under 35 U.S.C. § 101 because the claims did not require the use of a computer and were targeted to conceptual steps.  *Fort Properties, Inc. v. American Master Lease LLC* 671 F.3d 1317, 1322 (Fed. Cir. 2012).   That patent claimed an "investment tool" designed to promote tax-free exchanges of property by merely breaking down the method into four "conceptual steps":  (1) aggregating real property into a real estate portfolio"; (2) "dividing the interests in the portfolio into a number of deed shares"; (3) "subjecting those shares to a master agreement"; and (4) "describ[ing] how property can be bought and sold under this arrangement in a manner that permits a tax-deferred exchange."  *Id.*  As with the steps involved in prescribing medicine, all of the steps in *Fort Props.* were previously known humanly-performed steps.

Recently, the Supreme Court in *Alice* analyzed a patent that used the "following steps:  (1) 'creating' shadow records for each counterparty to a transaction; (2) 'obtaining' start-of-day balances based on the parties' real-world accounts at exchange institutions; (3) 'adjusting' the shadow records as transactions are entered, allowing only those transactions for which the parties have sufficient resources; and (4) issuing irrevocable end-of-day instructions to the exchange institutions."  *Alice,* 134 S. Ct. at 2359.

Here, the PTO allowed claims that lack "substantive limitations that narrow, confine, or otherwise tie down the claim." *Mayo,* 132 S.Ct. at 1293.  The similarities between the 095 Patent and the patent at issue in *Alice* are obvious:

|  | *Alice* | **095 Patent** |
|---|---|---|
| Step 1 | Create records (identify) each party | Identify said patent (e.g. party) |
| Step 2 | Obtain balances and information from real world institutions | Obtain and display information about currently prescribed medication |
| Step3 | "Adjusting" records as transactions are entered (e.g. accepting information) only allowing (e.g. processing) certain transactions | Accept and process information regarding certain prescriptions |
| Step 4 | Issuing transactions (communicating) to exchange institutions (pharmacies) | Communicate said medication prescription to a pharmacy |

In *Alice* the Petitioner argued the steps "require a substantial and meaningful role for the computer," but the court disagreed.  *Alice,* 134 S. Ct. 2359.   As in *Alice,* the 095 Patent also does not require a substantial or meaningful role for the computer.  For instance, the 095 Patent states "a drug order or prescription could be entered directly into a computer and transmitted electronically thereby reducing the time from when the order is written to when it is received in the pharmacy." (Ex. A, p. 85).  However, there is nothing substantial or unique about this process.  There is simply nothing in the 095 Patent that requires a meaningful or definitive use of a computer.

Much like the claims found invalid in *Fort Props,* and *Alice*, the sole independent claim of the asserted patent here, as well as dependent claims 13, 14, and 15 of the 095 Patent, merely involve breaking a method into the known human steps of compiling information about writing prescriptions without any mention whatsoever of using a computer or other non-human equipment.

| 095 Patent Claim1 | 095 Patent Claim 13 | 095 Patent Claim 14 | 095 Patent Claim 15 |
|---|---|---|---|
| Identifying a patient | Claim 1 further consisting of | Claim 13 further consisting of | Claim 14 further consisting of |
| Database containing health and medication information regarding said patient | Database containing health and medication information regarding said patient | Wherein the adverse situation is an allergy reaction to said prescription | Wherein the adverse situation is an interaction between two or more prescribed medications |
| Access said database and display a list of currently prescribed medication | Means for alerting user to potentially adverse situations as a result of prescribed medication | | |
| Access information regarding said medication "in a random sequence" including information about that medication such as dosage and frequency | | | |
| Communicate said medication prescription to a pharmacy | | | |

Claims 13, 14, and 15 of the 095 Patent listed above, are no less "conceptual" just because they

mention the generic concepts of placing or retrieving the information / data from a database.  The

concept does not convert the asserted claims into patent-eligible subject matter.  The two primary

concepts claimed by the other asserted claims are mere data gathering elements and comparing the

data to the other known data.  Neither concept converts the asserted independent claim into patent-

eligible subject matter.

### 1. The 095 Patent fails to include any meaningful limitations to the field and practice of prescribing medicine.

The process of ordering or prescribing drugs is critically important in the practice of medicine.  *See* Exhibit A at 85 ¶2.  Consequently, the 095 Patent is drawn to steps that are well-known, routine, and inconsequential.  *See Alice,* 134 S.Ct. at 2357-58; *Mayo,* 132 S.Ct. 1291-92.  When considered as whole, the claimed steps contain no meaningful limitations which would prevent the claim from covering the concepts of every practical application of prescribing medicine.  In fact it is glaringly obvious from even a cursory review of the 095 Patent that there are no limitations whatsoever.  Rather, the 095 Patent specifications generally discuss a method to prescribe medication that takes information about a patient, enters it into a database, and transmits that information to a pharmacy.  Additionally, the claimed steps and methods in the 095 Patent do not "specify how the computer hardware and database are specifically programmed to perform the steps claimed" where "the computer . . . [could] be programmed to perform very different tasks in very different ways."  *Dealertrack, Inc.,* 674 F.3d at 1333.  Ultimately, the claims of the 095 Patent fundamentally do not need a computer to be performed in the first place.  *See Cybersource,* 654 F.3d at 1373.

Lastly, mere data gathering does not warrant patentability.  Nor does it matter that additional steps call for sorting data, comparing data, or displaying results.  Simply using a computer for record keeping, "to obtain data," to adjust data, and to "issue automated instructions" are nothing more than "well-understood, routine, conventional, activities" and not patent eligible.  *Alice,* 134 S.Ct. at 2359.  Specifically, there is no language contained in the claimed steps of the 095 Patent that add any meaningful limitation because they are merely generic data gathering and display steps inherent in any prescription writing process.  As the Federal Circuit explained, "mere-data gathering steps" cannot make an otherwise unpatentable claim patentable.  *Cyberfone Sys.,*

558 F.App'x at 992 ("[T]he idea of collecting information in classified form, then separating and transmitting that information according to its classification, is an abstract idea that is not patent eligible"); *Cybersource,* 654 F.3d at 1370 ("We have held that mere data-gathering steps cannot make an otherwise nonstatutory claim statutory").

A plain reading of the 095 Patent establishes that there is no genuine issue of material fact as to whether or not the 095 Patent includes any meaningful limitations to the field of prescribing medicine.  As such, NewCrop, LLC requests this Court grant Summary Judgment and declare the 095 patent invalid.

### 2. The 095 Patent fails to add anything to the basic principal of prescribing medicine.

As with the 095 Patent, every one of the steps identified in *Alice* were "purely conventional" and nothing more than "well-understood, routine, conventional, activities previously known to the industry." *Alice,* 134 S. Ct. at 2360.  In *Alice,* the patent holder argued that the steps "required a substantial and meaningful role for the computer," but the Court disagreed. *Alice,* 134 S. Ct. at 2359.  Similarly with the 095 Patent, there is no requirement that a computer play a meaningful or substantial role.  The claims of the 095 Patent merely break out the known human steps of compiling information necessary for prescribing medication, without any mention whatsoever of using a computer or other machine equipment.  In issuing the 095 Patent, the Patent and Trademark Office certified claims that lack "substantive limitations that narrow, confine, or otherwise tie down the claim." *Mayo,* 132 S. Ct. at 1293.

A plain reading of the 095 Patent establishes that there is no genuine issue of material fact as to whether or not the 095 Patent adds anything to the field of prescribing medicine.  As such, NewCrop, LLC requests this Court grant Summary Judgment and declare the 095 Patent invalid.

### 3.   The 095 Patent fails the "machine-or-transformation" test.

Historically, the Supreme Court considered the "machine-or-transformation" test ("MOT") the governing test for determining patent eligibility of a process under Section 101.  However, as times have changed and processes have evolved, the MOT has become less relevant but is still used as an investigative clue.  *Bilski,* 130 S.Ct. at 3227.  Notably, the 095 Patent fails the MOT as well.  Under this test, a process is patentable if "(1) it is tied to a particular machine or apparatus, or (2) it transforms a particular article into a different state or thing."  *Id.*  The majority of the claimed steps in the 095 Patent do not even mention equipment or machinery.  The dependent claims that do make some small mention of equipment fail both prongs of the MOT because the recitation of the general terms "computer screen" or "keyboard" and "mouse" do not tie the claims to a particular machine or transform an article into a different form.

Critically, a claim does not satisfy the machine prong of the MOT if the claim as a whole reveals that it only calls for a general purpose computer to perform the abstract idea.  *See Clear with Computers,* 2014 WL 923280, at *6.  Further, a plain reading of the patent reveals nothing in the 095 Patent claims distinguishes the recited technology components from their general use.  Particularly, the claims do not "specify how the [database] is specially programmed to perform the steps in the patent."  *Dealertrack,* 674 F.3d at 1333.  Additionally, nothing about the claimed database makes it essential to the invention embodied in the independent claim.  As previously stated, the claims can just as easily be performed by a human.  "Using a computer to accelerate an ineligible mental process does not make that process patent-eligible."  *Bancorp,* 687 F.3d at 1279.

Lastly, as previously discussed herein, "mere manipulation or reorganization of data . . . does not satisfy the transformation prong."  *Cybersource,* 654 F.3d at 1375.  Here, the independent claims merely assemble information from a patient about his medical prescriptions that is the result

of bringing together information in the patient's chart and from the mental process of the doctor writing the prescription.  In other words, the result of the claimed process is nothing more than the sum of its parts.  Therefore, there is no genuine issue of material fact as to whether or not the 095 Patent survives the MOT.

## CONCLUSION

As a matter of law the 095 Patent is invalid as it does not purport to embody patent-eligible subject matter under 35 U.S.C. § 101 and impermissibly preempts the field of prescribing medicine.  Accordingly, NewCrop, LLC requests this Court grant summary judgment and declare the 095 patent invalid.

Dated:  November 3, 2014

Respectfully submitted,

**KERR, HENDERSHOT & CANNON, P.C.**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
**Lead Attorney**
SBN: 09417200
trey@k-hpc.com
CHRISTY L. MARTIN
SBN: 24041336
cmartin@k-hpc.com
KATIE TEMPONE COWART
SBN: 24048268
kcowart@k-hpc.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone:  (713) 783-3110
Facsimile:  (713) 783-2809

**ATTORNEYS FOR NEWCROP, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was electronically filed with the

Clerk of the Courts by using the ECF system and forwarded to all counsel through the Court's

ECF system.

Dated:  November 3, 2014.


/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III