**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| PRESQRIBER, LLC,<br>    Plaintiff,<br><br>v.<br><br>AO CAPITAL PARTNERS, LLC,<br>d/b/a PROGNOSIS INNOVATION<br>HEALTHCARE, ET AL.,<br>    Defendant. | Case No. 6:14-cv-00440-KNM<br>(Consolidated Lead Case)<br><br><br><br>JURY TRIAL DEMANDED |
| NEWCROP, LLC,<br>    v.<br><br>PRESQRIBER, LLC, | Civil Action No. 6:14-cv-00539<br><br>PATENT CASE |

**NEWCROP, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND OBJECTIONS TO AND MOTION TO STRIKE PRESQRIBER'S SUMMARY JUDGMENT EVIDENCE**

NewCrop, LLC, (plaintiff in Civil Action No. 6:14-cv-00539 and consolidated defendant in Case No. 6:14-cv-00440-KNM) files this Reply in Support of its Motion for Summary Judgment and Objections to and Motion to Strike Defendant's Summary Judgment Evidence. In support of this motion, NewCrop respectfully refers the Court to the attached memorandum.

i

**TABLE OF CONTENTS**

Table of Contents ............................................................................................................................ ii

Table of Authorities ...................................................................................................................... iii

Objections to Defendant's Summary Judgment Evidence and Motion to Strike .......................... 1

Argument and Authorities .............................................................................................................. 2

    I.    There is no genuine issue of material fact that the claimed subject matter of the 095 Patent is not patent-eligible as an abstract idea, and therefore, as a matter of law, NewCrop is entitled a declaration that the 095 Patent is invalid. .................................................................. 3

        A.    The Claims of the Asserted Patent are Abstract Ideas .................................................. 3

        B.    The 095 Patent Does Not Contain Additional Features or Meaningful Limitations .... 4

    II.    Summary Judgment is Appropriate at this Time and Presqriber's Request for Relief Under Fed. R. Civ. P. 56(d) should be denied. ........................................................................... 6

Conclusion ...................................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Accenture Global Servs., GmbH v. Guidewire Software, Inc.,* 728 F.3d 1336 (Fed.Cir.2013) ............................................................................................. 6, 7

*Baker v. American Airlines, Inc.,* 430 F.3d 750 (5th Cir. 2005) ....................................................... 7

*Bancorp Servs., LLC v. Sun Life Assur. Co. of Can. (U.S.),* 687 F.3d 1266 (Fed.Cir.2012) .......... 7

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) ............................................................................... 1

*Clear with Computers, LLC v. Dick's Sporting Goods, Inc.,* ___ F. Supp. 2d ___, 2014 WL 923280 (E.D. Tex. 2014) ................................................................................................. 7

*Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,* 558 F.App'x 988 (Fed.Cir.2014) .................. 7

*Cybersource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366 (Fed. Cir. 2011) ............................... 6

*Dealertrack v. Huber,* 674 F. 3d 1315 (Fed. Cir. 2012) ................................................................. 5

*Fort Properties, Inc. v. American Master Lease LLC*, 671 F.3d 1317 (Fed. Cir. 2012) ............ 4, 6

*In re Am. Acad. Of Sci. Tech. Ctr.,* 367 F.3d 1359 (Fed. Cir. 2004) .............................................. 3

*Loyalty Conversion Sys. Corp. v. Am Airlines, Inc.,* 2:13-CV-655, 2014 WL 4364848 (E.D. Tex. Sept. 3, 2014) ................................................................................................................. 5

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct. 1289 (2012) ............................ 6

*State Street Bank & Trust Co., v. Signature Financial Group, Inc.,* 149 F.3d 1368 (Fed. Cir. 1998, *abrogated on other grounds*) ......................................................................... 5

*Tidelands Marine Service v. Patterson,* 719 F.2d 126 (5th Cir. 1983) .......................................... 2

*Tuxis Technologies, LLC v. Amazon.com, Inc.,* CV 13-1771-RGA, 2014 WL 4382446 (D. Del. Sept. 3, 2014) ................................................................................................................. 5

*Ultramercial, Inc. v. Hulu,* 722 F.3d 1335 (Fed. Cir. 2013) .......................................................... 5

*Washington v. Allstate Ins. Co.,* 901 F.2d 1281 (5th Cir. 1990) .................................................... 7

*Wilson v. Zapata Off-Shore Co.,* 939 F.2d 260 (5th Cir.1991) ...................................................... 2

**Statutes**

35 U.S.C. §101 .................................................................................................................................. 2, 6

**Rules**

F.R.E 901 ............................................................................................................................................ 1

F.R.E. 801 ........................................................................................................................................... 1

F.R.E. 805 ........................................................................................................................................... 1

Fed. R. Civ. P. 56 ........................................................................................................................ 1, 7, 8

**OBJECTIONS TO DEFENDANT'S SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE**

Federal Rule of Civil Procedure 56(c) requires that the evidence presented in response to a motion for judgment be admissible at trial. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). Newcrop objects to Exhibits B – G to Presqriber's Response in Opposition to Newcrop, LLC's Motion for Summary Judgment Evidence (Dkt. 56) as they are improper summary judgment evidence and should be stricken in their entirety and excluded from the Court's consideration.

In order to satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent says it is. F.R.E 901. With regards to Exhibits B and C, the Declaration of Craig Tadlock fails to provide sufficient evidence that the exhibits are what they claim to be. Importantly, the Declaration fails to disclose whether or not Exhibits B and C are in fact true and correct copies. The failure of Mr. Tadlock to attest to the trustworthiness of Exhibits B and C casts substantial doubt on the accuracy of the information contained in the so-called website reports. Exhibits B and C are not trustworthy and therefore must be excluded from the Court's consideration as the authenticity requirement of Federal Rule of Evidence 901 is not met by Defendant.

Additionally, Exhibits B - G consist entirely of hearsay pursuant to Federal Rule of Evidence 801 and Exhibits B, C, E and F contain hearsay within hearsay pursuant to Federal Rule of Evidence 805. *See* F.R.E. 801, 805 Accordingly, Exhibits B – G are inadmissible and not competent summary judgment evidence. Fed. R. Civ. P. 56(c), F.R.E. 801 and 805. Exhibits B – G consist entirely of out-of-court statements and are being offered to prove the truth of the matter asserted. F.R.E. 801(c). Further, pursuant to Federal Rule of Evidence 805, Exhibits B,

C, E and F contain hearsay within hearsay because they contain the out-of-court statements of additional parties which are compiled into the already impermissible hearsay website. The out of court statements in Exhibits B, C, E and F are also offered to prove the truth of the matter asserted. Federal Rule of Evidence 805 requires all levels of hearsay satisfy the exception hearsay requirements before the statement is admissible. *Wilson v. Zapata Off-Shore Co.,* 939 F.2d 260, 271 (5th Cir.1991).

Exhibits B – G contain inadmissible hearsay and do not fall within any exception to the hearsay rule and should therefore be excluded from consideration as evidence in support of Defendant's Response. Therefore, Plaintiff objects to Exhibits B – G to Presqriber's Response in Opposition to Newcrop's Motion for Summary Judgment and respectfully requests this Court to strike same and exclude Exhibits B – G from the Court's consideration.

## ARGUMENT AND AUTHORITIES

Presqriber's Response in Opposition to NewCrop's Motion for Summary Judgment fails to demonstrate a question of material fact exists as to whether the claimed subject matter of the 095 Patent is not patent-eligible as an abstract idea. *See* 35 U.S.C. §101. Presqriber's Response attempts to dress-up the 095 Patent and transform the generic concepts described therein into something that it just is not.[1] Presqriber's opposition is full of conclusory statements that lack authority; namely, the premise that all of the asserted patent claims are not abstract ideas, but are patentable because they claim specific, structured systems that are an improvement. (Dkt. 56). At most, the claims of the 095 Patent make broad reference to generic computer elements and terms. However, merely naming a few generic computer terms and elements does not transform

---

[1] "That which looks like a duck, walks like a duck, and quacks like a duck will be treated as a duck even though some would insist upon calling it a chicken." *Tidelands Marine Service v. Patterson,* 719 F.2d 126, 128, n. 3 (5th Cir. 1983).

an abstract idea into a specific computer implementation sufficient to be patentable subject matter, and will not save Presqriber from summary judgment.

**I.  There is no genuine issue of material fact that the claimed subject matter of the 095 Patent is not patent-eligible as an abstract idea, and therefore, as a matter of law, NewCrop is entitled a declaration that the 095 Patent is invalid.**

**A.  The Claims of the Asserted Patent are Abstract Ideas**

Presqriber argues that the claims of the asserted patent are not abstract ideas because they describe a "specific, structured system that has shown itself to be a tremendous benefit to medical care and has become a benchmark for healthcare." (Dkt. 56, p. 11). However, the so-called "specific, structured system" consists of nothing more than actions that any doctor can and should complete by reviewing a patient's medical chart, using the physician's education, training and experience, along with publically available information, to determine if there are any potential side effects to a specific prescription, and then writing a prescription on the prescription pad, or calling-in a prescription to a specific pharmacy. None of the asserted claims include a computer or computer related element that would otherwise transform the abstract idea of writing and ordering prescriptions into patentable subject matter.

Presqriber's Response urges that the language and figures from the patent specification show the claims are directed to computer-implemented inventions. But in so doing, Presqriber is effectively reading limitations from the patent specifications into the claims, which is not allowed. *See, e.g., In re Am. Acad. Of Sci. Tech. Ctr.,* 367 F.3d 1359, 1369 (Fed. Cir. 2004) ("We have cautioned against reading limitations into a claim from a preferred embodiment described in the specification.").

Additionally, the 095 Patent does nothing more than patent the steps for compiling information and is thus not patent eligible. In *Fort Properties, Inc. v. American Master Lease LLC*, 671 F.3d 1317 (Fed. Cir. 2012), the court found the claims to be patent ineligible because

3

they merely involved breaking a method into the conceptual, known human steps of compiling information. *Fort Props.*, 671 F.3d at 1332. The 095 Patent is similar to the patent at issue in *Fort Props* because the 095 Patent does nothing more than break the method for prescribing medicine into the conceptual, known human steps of prescribing medicine. Presqriber claims that it would be impossible for a human to perform all of the steps of the 095 Patent (Dkt. 56, p.16); however, physicians have been performing the "system" claimed by the asserted patent as part of their job for decades, i.e. writing prescriptions that do not cause adverse side effects and communicating the prescription to a pharmacy, a fact which Presqriber does not dispute. (Dkt.56, p.4). As a matter of law, the claims asserted in the 095 Patent are abstract ideas. Therefore, Plaintiff respectfully requests this Court grant its Motion for Summary Judgment.

Lastly, Presqriber makes much out of whether the 095 Patent is a "system" or "method" patent. Presqriber ignores the fact that the 095 Patent is a self-described "system and method for ordering and prescribing drugs for a patient." (Dkt. 36, Exhibit A). Unfortunately in the context of the 095 Patent, this is a distinction without a difference. The Court in *State Street Bank & Trust Co., v. Signature Financial Group, Inc.* noted that "for the purposes of a § 101 analysis, it is of little relevance whether [the claim] is directed to a "machine" or a "process," as long as it falls within at least one of the four enumerated categories of patentable subject matter, "machine" and "process" being such categories." *State Street Bank & Trust Co., v. Signature Financial Group, Inc.*, 149 F.3d 1368, 1371 (Fed. Cir. 1998, *abrogated on other grounds*).

### B. The 095 Patent Does Not Contain Additional Features or Meaningful Limitations

Presqriber's Response attempts to highlight claims that purport to add additional features or meaningful limitations in the hopes of transforming the 095 Patent into patentable subject matter. Presqriber focuses on claims that mention the use of a database to access and compare

4

data to alert a user. (Dkt. 56, p. 21). However, the limitations themselves merely require a database of the patient's medical records and database of prescription drugs. The purported "meaningful limitations" are simply elements allowing for faster review and cross-checking of prescriptions and their side-effects. The claims are in fact just a generic description of elements and steps in the prescribing process. These mechanisms do not meaningfully limit the scope of the claims in any way shape or form. *Dealertrack v. Huber,* 674 F. 3d 1315, 1333-34 (Fed. Cir. 2012).

Further, the so-called limitations are not essential or central to the solution but actually insignificant pre- and post-solution activities[2]. *Ultramercial, Inc. v. Hulu,* 722 F.3d 1335, 1346 (Fed. Cir. 2013) (a claim is not meaningfully limited "if it contains only insignificant or token pre- and post-solution activity – such as identifying a relevant audience, a category of use, field of use, or technological environment."). As Presqriber well knows, implementing an unpatentable idea on a computer is "not a patenable application of that principle." *Mayo Collaborative Servs. v. Prometheus Labs., Inc.,* 132 S. Ct. 1289, 1301 (2012); *Cybersource Corp. v. Retail Decisions, Inc.,* 654 F.3d 1366, 1376 (Fed. Cir. 2011); *Fort Props, Inc.,* 671 F.3d at 1322-24; *Accenture Global Servs., GmbH v. Guidewire Software, Inc.,* 728 F.3d 1336, 1345 (Fed.Cir.2013) ("Accenture attempts to limit the abstract idea of claim 1 by applying it in a

---

[2] *See also Tuxis Technologies, LLC v. Amazon.com, Inc.,* CV 13-1771-RGA, 2014 WL 4382446, *3-*6 (D. Del. Sept. 3, 2014) (claim 1 failed to satisfy § 101 because it was directed to the abstract and long-practiced concept of upselling, and computer-implementation did not save the claim from invalidity because the computer "performs nothing more than purely conventional steps that are well-understood, routine and previously known to the industry.); *Loyalty Conversion Sys. Corp. v. Am Airlines, Inc.,* 2:13-CV-655, 2014 WL 4364848 *5 - *14 (E.D. Tex. Sept. 3, 2014) (claims failed to satisfy § 101 because they were directed to the commonplace financial concept of currency conversion, the computer and Internet-related limitations were "purely functional" and "neither the limitation nor anything in the specification provides detail as to how that function is performed," and the limitations "can be performed by any generic computer with conventional programming.").

computer enviornment within the insurance industry. However, those types of limitations do not narrow, confine, or otherwise tie down the claim.").

Just as with the patent at issue in *Accenture* the 095 Patent attempts to limit the abstract idea of prescribing medicing by applying it in a computer enviornment. However, this limitation does not narrow, confine or otherwise tie down the claim. For example, the 095 Patent fails to mention how to implement the comparison of patients and prescriptions or how any other computer-related limitations would achieve the claimed invention. Importantly, the complexity of the implementing software or the level of detail found only in the specifications of the patent does not transform a claim reciting only an abstract concept into patent-eligible system or method. *Accenture Global Servs.,* 728 F.3d at 1345.

Accordingly, there is no genuine issue of material fact that the claimed subject matter of the 095 Patent is not patent-eligible as an abstract idea, and therefore, as a matter of law, NewCrop is entitled a declaration that the 095 Patent is invalid and unenforceable.

II. **Summary Judgment is Appropriate at this Time and Presqriber's Request for Relief Under Fed. R. Civ. P. 56(d) should be denied.**

The asserted patent in this case does not present a question or issue that will turn on either discovery or claim construction. Simply put, there is no genuine issue of material fact when examining the plain language of the 095 Patent, nor has Presqriber pointed to any factual issues that could affect the Court's analysis. *Accenture Global Servs.,* 728 F.3d at 1341.

Claim construction is not required to decide the question of patent eligibility. *Cyberfone Sys., LLC v. CNN Interactive Grp., Inc.,* 558 F.App'x 988, 992 n. 1 (Fed.Cir.2014) ("There is no requirement that the district court engage in claim construction before deciding §101 eligibility"); *see also Clear with Computers, LLC v. Dick's Sporting Goods, Inc.,* ___ F. Supp. 2d ___, 2014 WL 923280 *6 (E.D. Tex. 2014) (citing *Bancorp Servs., LLC v. Sun Life Assur. Co. of*

6

*Can. (U.S.),* 687 F.3d 1266, 1274 (Fed.Cir.2012). Like the circumstances in *Clear with Computers,* the patent claims herein are ineligible for patent protection under any construction informed by the intrinsic record.

Presqriber's request for relief pursuant to Fed. R. Civ. P. 56(d) is merely a delay tactic as Rule 56 does not require that any discovery take place before summary judgment can be granted. *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir. 1990). It is clear from a plain reading of the 095 Patent that discovery of any kind is unlikely to uncover evidence of material fact disputes. *See Baker v. American Airlines, Inc.,* 430 F.3d 750, 756 (5th Cir. 2005). Additionally, Presqriber's request for relief is filled with conclusory allegations as Presqriber fails to specifically describe the information it expects to find through discovery as required by Rule 56(d). A party "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified facts in opposition to summary judgment." *Id.*

Accordingly, Plaintiff requests the Court act now to grant summary judgment declaring the 095 Patent invalid before there is additional expenditure of party or judicial resources. *See, e.g. Clear with Computers,* 2014 WL 923280. The asserted patent in this case does not present a question or issue that will turn on either discovery or claim construction and summary judgment is appropriate at this time.

## CONCLUSION

As a matter of law the 095 Patent is invalid as it does not purport to embody patent-eligible subject matter under 35 U.S.C. § 101. Further, Presqriber's Response in Opposition to NewCrop's Motion for Summary Judgment presents and relies upon improper summary judgment evidence. Accordingly, NewCrop, LLC requests this Court grant Plaintiff's Motion to Strike Presqriber's Summary Judgment Evidence, Exhibits B – G, in their entirety and exclude same from its consideration, deny Presqriber's request for relief under Fed. R. Civ. P. 56(d), and

grant Plaintiff summary judgment and declare the 095 Patent invalid.  Finally, NewCrop, LLC respectfully requests that the Court grant NewCrop, LLC such other and further relief to which it is entitled.

Dated:  November 26, 2014

        Respectfully submitted,

        **KERR, HENDERSHOT & CANNON, P.C.**

        /s/ Simon W. Hendershot, III
        SIMON W. HENDERSHOT, III
        **Lead Attorney**
        SBN: 09417200
        trey@k-hpc.com
        CHRISTY L. MARTIN
        SBN: 24041336
        cmartin@k-hpc.com
        KATIE TEMPONE COWART
        SBN: 24048268
        kcowart@k-hpc.com
        1800 Bering Drive, Suite 600
        Houston, Texas 77057
        Telephone:  (713) 783-3110
        Facsimile:  (713) 783-2809

        **ATTORNEYS FOR NEWCROP, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Courts by using the ECF system and forwarded to all counsel through the Court's ECF system.

Dated: November 26, 2014.


        /s/ Simon W. Hendershot, III
        SIMON W. HENDERSHOT, III

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PRESQRIBER, LLC,<br>    Plaintiff,<br><br>v.<br><br>AO CAPITAL PARTNERS, LLC,<br>d/b/a PROGNOSIS INNOVATION<br>HEALTHCARE, ET AL.,<br>    Defendant. | Case No. 6:14-cv-00440-KNM<br>(Consolidated Lead Case)<br><br><br><br>JURY TRIAL DEMANDED |
| NEWCROP, LLC,<br>    v.<br><br>PRESQRIBER, LLC, | Civil Action No. 6:14-cv-00539<br><br>PATENT CASE |

**FINAL SUMMARY JUDGMENT, ORDER SUSTAINING NEWCROP, LLC'S OBJCTIONS TO PRESQRIBER'S SUMMARY JUDGMENT EVIDENCE AND ORDER GRANTING NEWCROP, LLC'S MOTION TO STRIKE PRESQRIBER, LLC'S SUMMARY JUDGMENT EVIDENCE**

ON THIS DAY, came before the Court, NEWCROP, LLC's (plaintiff in Civil Action No. 6:14-cv-00539 and consolidated defendant in Case No. 6:14-cv-00440-KNM) Motion for Summary Judgment against PRESQRIBER, LLC, Objections to Presqriber's Summary Judgment Evidence and Motion to Strike Summary Judgment Evidence in the above-entitled and numbered cause. After considering the Motion, the pleadings, and the evidence properly before the Court, the Court finds NewCrop, LLC's Motion for Summary Judgment is meritorious and should be GRANTED, Newcrop, LLC's Objections to Presqriber's summary judgment evidence should be SUSTAINED and Newcrop, LLC's Motion to Strike is meritorious and should be GRANTED.

IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit B are SUSTAINED and Exhibit B is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit C are SUSTAINED and Exhibit C is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit D are SUSTAINED and Exhibit D is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit E are SUSTAINED and Exhibit E is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit F are SUSTAINED and Exhibit F is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERED, ADJUDGED, and DECREED that NewCrop, LLC's objections to Exhibit G are SUSTAINED and Exhibit G is stricken in its entirety from the Court's record and excluded from the Court's consideration.

IT IS FURTHER, ORDERD, ADJUDGED, and DECREED that U.S. Patent 5,758,095 is invalid and unenforceable;

It is ORDERED that NewCrop, LLC shall have all writs of execution and other process necessary to enforce this judgment.

All further relief requested by either party that is not expressly granted herein is denied, and all remaining claims of Plaintiff are dismissed without prejudice to Plaintiff to re-file. This is a final judgment. The judgment finally disposes of all parties and all claims and is appealable.

**APPROVED AND ENTRY REQUESTED:**

**KERR, HENDERSHOT & CANNON, P.C.**

/s/ Simon W. Hendershot, III
SIMON W. HENDERSHOT, III
**Lead Attorney**
SBN: 09417200
trey@k-hpc.com
CHRISTY L. MARTIN
SBN: 24041336
cmartin@k-hpc.com
KATIE TEMPONE COWART
SBN: 24048268
kcowart@k-hpc.com
1800 Bering Drive, Suite 600
Houston, Texas 77057
Telephone: (713) 783-3110
Facsimile: (713) 783-2809

**ATTORNEYS FOR NEWCROP, LLC**