# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **PRESQRIBER, LLC,**<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>**AO CAPITAL PARTNERS LLC d/b/a PROGNOSIS INNOVATION HEALTHCARE,** *et al.*,<br><br>　　　　　　　　　　　Defendants. | Case No. 6:14-cv-440-KNM<br>(Consolidated Lead Case)<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## DOCKET CONTROL ORDER

It is hereby **ORDERED** that the following schedule of deadlines is in effect until further order of this Court:

**DO NOT KEY DEADLINES OFF THE FULL CLAIM CONSTRUCTION ORDER OR THE PROVISIONAL CLAIM CONSTRUCTION ORDER.**

| October 17, 2016<br><br>**To be assigned by the Court**<br><br>Court designated date – not flexible without good cause – Motion Required | 9:00 a.m. JURY TRIAL as reached at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas. |
|---|---|
| **ORDER REGARDING EXHIBITS, EXHIBIT LISTS AND WITNESS LISTS:** | |

A.     <u>On the first day of trial</u>, each party is required to have on hand the following:
    (1)     One copy of their respective original exhibits. Each exhibit shall be properly labeled with the following information: Identified as either Plaintiff's or Defendant's Exhibit, the Exhibit Number and the Case Number. In addition, exhibits shall be placed in properly marked manilla folders and contained in a box with handles.
    (2)     Three (3) hard copies of their exhibit list and witness list. The Court's preferred format for Exhibit Lists is available on the Court's website at www.txed.uscourts.gov under "Orders & Forms."

B.     During trial on a daily basis, each party shall tender to the Court a list of exhibits admitted for each day. A description of the exhibits is not necessary, just a list containing the exhibit numbers. For example, Plaintiff will submit a document entitled, "Plaintiff's List of Exhibits Admitted on (*the date*)." Said daily lists are to be tendered the following day. (If trial commences on Monday, Monday's list will be due Tuesday morning and so on until the conclusion of trial).

C.     At the conclusion of the evidentiary phase of trial, each party shall be responsible for pulling those exhibits admitted at trial and tender those to the Courtroom Deputy, who will verify the exhibits and tender them to the jury for their deliberations.

D. At the conclusion of trial, all boxes of exhibits shall be returned to the respective parties and the parties are instructed to remove these exhibits from the courtroom.

E. Within five business days of the conclusion of trial, each party shall submit to the Court (to Chambers) the following:
   (1) A Final Exhibit List of Exhibits Admitted During Trial, and in addition provide the Court a disk containing this document in Word format.
   (2) A disk or disks containing their respective admitted trial exhibits in PDF format, with the exception of sealed exhibits. If the Court ordered any exhibits sealed during trial, the Sealed Exhibits shall be copied on a separate disk. If tangible or over-sized exhibits were admitted, such exhibits shall be substituted with a photograph to be converted to a PDF file and shall be included in the Court's disk of admitted exhibits.
   (3) A disk or disks containing the transcripts of Video Depositions played during trial, along with a copy of the actual video deposition.

F. After verification of final exhibit lists, the Courtroom Deputy shall file and docket the lists, and the disk or disks containing the exhibits in PDF format shall be stored in the Clerk's office.

| | |
|---|---|
| **October 17, 2016**<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. JURY SELECTION** at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas. |
| **October 11, 2016**<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. PRETRIAL CONFERENCE** at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas.<br>All pending motions will be heard.<br>Lead trial counsel must attend the pretrial conference. |
| October 7, 2016 | Parties to file estimates of the amount of time they request at jury selection and trial for (1) voir dire, (2) opening statements, (3) direct and cross examinations, and (4) closing arguments. |
| October 4, 2016 | Responses to Motions in Limine due. |
| September 30, 2016 | **Motions in Limine due.** The parties are directed to confer and advise the Court on or before 3:00 p.m. the day before the pre-trial conference which paragraphs are agreed to and those that need to be addressed at the pre-trial conference. |
| September 30, 2016 | **Pretrial Objections due.** |
| September 21, 2016 | **Objections to Rebuttal Deposition Testimony due.** |
| September 16, 2016 | **Rebuttal Designations and Objections to Deposition Testimony due.**<br>For rebuttal designations, cross examination line and page numbers to be included.<br><br>In video depositions, each party is responsible for preparation of the final edited video in accordance with their parties' designations and the Court's rulings on objections. |

| | |
|---|---|
| September 6, 2016 | **Pretrial Disclosures due.**<br><br>Video and Stenographic Deposition Designation due. Each party who proposes to offer deposition testimony shall file a disclosure identifying the line and page numbers to be offered. |
| August 17, 2016 | **Joint Pretrial Order, Joint Proposed Jury Instructions with citation to authority and Form of the Verdict for jury trials due.**<br>Proposed Findings of Fact and Conclusions of Law with citation to authority for issues tried to the bench.<br><br>Notice of Request for Daily Transcript or Real Time Reporting of Court Proceedings due. If a daily transcript or real time reporting of court proceedings is required for trial or hearings, the party or parties making said request shall file a notice with the Court. |
| August 10, 2016 | **Parties to Identify Rebuttal Trial Witnesses.** |
| August 8, 2016 | **Second mediation to be completed.** |
| July 27, 2016 | **Parties to Identify Trial Witnesses.** |
| **June 8, 2016**<br><br>Court designated date – not flexible without good cause – Motion Required | **9:00 a.m. HEARING ON DISPOSITIVE MOTIONS (INCLUDING *DAUBERT* MOTIONS) at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas.** |
| March 7, 2016 | **Response to Dispositive Motions (including *Daubert* motions) due.**<br>Responses to dispositive motions filed prior to the dispositive motion deadline, including *Daubert* motions, shall be due in accordance with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| **February 4, 2016**<br><br>Court designated date – not flexible without good cause – Motion Required | **Dispositive Motions due from all parties and any other motions that may require a hearing (including *Daubert* motions) due.** Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances.</u><br>For each motion filed, the moving party shall provide the Court with two (2) copies of the completed briefing (opening motion, response, reply, and if applicable, surreply), and any associated exhibits, in a three-ring binder appropriately tabbed. Courtesy copies shall be delivered to the Court as soon as briefing has completed. |
| January 21, 2016 | **Parties to Amend Pleadings** (after *Markman* Hearing). It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, except as provided in Patent Rule 3-6, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6 irrespective of whether the amendment is made prior to the deadline. |
| January 7, 2016 | **Discovery Deadline.** |

| | |
|---|---|
| December 17, 2015 | **Document Production Deadline.** |
| December 14, 2015 | Parties designate rebuttal expert witnesses (non-construction issues), Rebuttal expert witness reports due. Refer to Local Rules for required information.<br><br>If, without agreement, a party serves a supplemental expert report after the rebuttal expert report deadline has passed, the serving party must file notice with the Court stating service has occurred and the reason why a supplemental report is necessary under the circumstances. |
| December 7, 2015 | **Deadline to File Letter Briefs for Summary Judgment Motions and *Daubert* Motions.** *See* the Court's website for further information. |
| November 23, 2015 | Parties with burden of proof designate expert witnesses (non-construction issues). Expert witness reports due. Refer to Local Rules for required information.<br><br>**Final Election of Asserted Prior Art.** |
| November 2, 2015 | **Final Election of Asserted Claims.** |
| **September 3, 2015**<br><br>Court designated date – not flexible without good cause – Motion Required | ***Markman* hearing and hearing on any Motion for Summary Judgment of Indefiniteness at 9:00 a.m. at the United States District Court, 211 W. Ferguson, 3rd Floor, Courtroom of Judge K. Nicole Mitchell, Tyler, Texas.** |
| August 27, 2015 | **P.R. 4-5(d) Chart due.** The parties are to meet and confer and jointly submit a claim construction chart on computer disk in Word format listing each party's proposed construction for each of the terms to be addressed at the *Markman* hearing, including any terms purported to be indefinite. The parties should prioritize and list the terms in order of most importance; the Court will address the terms in the prioritized order presented in the claim construction chart.<br><br>**Reply to Motion for Summary Judgment of Indefiniteness due.** The moving party is to provide the Court with 2 binders containing the entire set of briefing (opening motion, response, reply and surreply, if any) and exhibits appropriately tabbed. If a technical advisor has been appointed, the moving party is to provide briefing on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rules CV-7(a)(3). Motions to extend page limits will only be granted in exceptional circumstances. |

| | |
|---|---|
| August 24, 2015 | Parties to file a notice with the Court stating the estimated amount of time requested for the *Markman* Hearing. The Court will notify the parties if it is unable to accommodate this request.<br><br>**Comply with P.R. 4-5(c)** – Reply brief and supporting evidence regarding claim construction due. Plaintiff is to provide the Court with 2 binders containing the *Markman* brief in its entirety (opening brief, response, and reply) and exhibits appropriately tabbed. If a technical advisor has been appointed the moving party is to provide their *Markman* brief on disk or CD along with a hard copy, tabbed and bound in notebook format with exhibits to the advisor.<br><br>**Response to Motion for Summary Judgment of Indefiniteness due.** Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rule CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| August 10, 2015 | **Comply with P.R. 4-5(b)** – Responsive claim construction brief and supporting evidence due.<br><br>**Motion for Summary Judgment of Indefiniteness due.** Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). Pages shall be counted against the party's total page limit. *See* Local Rule CV-7(a)(3). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| July 30, 2015 | **Preliminary Election of Asserted Prior Art.** |
| July 27, 2015 | **Comply with P.R. 4-5(a)** – The party claiming patent infringement shall serve and file an opening brief and any evidence supporting its claim construction.<br><br>Briefing shall comply with Local Rules CV-7 and 56 and Patent Rule 4-5(e). <u>Motions to extend page limits will only be granted in exceptional circumstances.</u> |
| July 23, 2015 | Tutorials due. Deadline for parties, if they desire, to provide Court with tutorials concerning technology involved in patent(s). The parties shall submit two (2) copies of their tutorials to the Court. If a technical advisor has been appointed, each party that provides a tutorial shall provide a copy to the advisor. |
| July 16, 2015 | **Discovery Deadline – Claim Construction Issues.**<br><br>**Preliminary Election of Asserted Claims.** |
| July 10, 2015 | **Deadline to File Letter Brief for Motion for Summary Judgment of Indefiniteness.** *See* the Court's website for further information. |
| July 2, 2015 | **Respond to Amended Pleadings.** |

| | |
|---|---|
| June 25, 2015 | Proposed Technical Advisors due if one has not already been appointed. Parties to provide name, address, phone number, and curriculum vitae for up to three agreed technical advisors and information regarding the nominees' availability for *Markman* hearing or a statement that they could not reach an agreement as to any potential technical advisor. If the parties cannot agree on a technical advisor, they shall not submit any proposed technical advisors to the Court. If the parties feel a technical advisor is unnecessary, they shall alert the Court at this time. |
| June 18, 2015 | **Amended Pleadings (pre-claim construction) due from all parties, including inequitable conduct allegations.** It is not necessary to file a Motion for Leave to Amend before the deadline to amend pleadings. It is necessary to file a Motion for Leave to Amend after the deadline. However, if the amendment would affect infringement contentions or invalidity contentions, a motion must be made pursuant to Patent Rule 3-6(b) irrespective of whether the amendment is made prior to this deadline. |
| June 15, 2015 | **Comply with P.R. 4-3** – Filing of Joint Claim Construction and Prehearing Statement.<br><br>In the P.R. 4-3 filing, the parties shall list the most significant terms according to the parties' priorities, which were agreed upon during the P.R. 4-2 meet and confer, indicating which of those terms will be case or claim dispositive. A maximum of 10 terms will be construed, unless parties have received other instruction from the Court. If the parties cannot agree to the most important 10 terms, the parties shall identify the terms that were agreed upon and then divide the remainder evenly between Plaintiff(s) and Defendant(s).<br><br>The nonmoving party subject to an indefiniteness challenge must provide a preliminary identification of any expert testimony it intends to rely on in its response to the moving party's indefiniteness challenge. The nonmoving party shall also provide a brief description of that witness' proposed testimony. |
| June 1, 2015 | **Joint Submission to Construe More Than 10 Terms Due.** Motion shall be limited to 10 pages. |
| May 18, 2015 | **Comply with P.R. 4-2** – Exchange of Preliminary Claim Constructions and Extrinsic Evidence. Privilege Logs to be exchanged by parties (or a letter to the Court stating that there are no disputes as to claims of privileged documents).<br><br>**If a party intends to file a letter brief requesting permission to file a motion for summary judgment of invalidity based on indefiniteness,** it must provide a preliminary identification of any expert testimony it intends to rely on in its motion. The moving party shall also provide a brief description of that witness' proposed testimony. If a party intends to file an indefiniteness challenge without the benefit of expert testimony, it |

| | |
|---|---|
| | must inform the nonmoving party. |
| May 11, 2015 | **First mediation to be completed.** |
| May 6, 2015 | In order to facilitate the P.R. 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence, as well as structure the *Markman* Hearing, the parties shall meet and confer to limit the terms in dispute, jointly identifying and prioritizing a maximum of 10 terms that are likely to be most significant in resolving the parties' dispute, including the terms where construction may be case or claim dispositive. If more than 10 terms are to be construed, the parties must collectively seek leave from the Court.<br><br>If the doctrine of equivalents is asserted, the parties shall disclose any prior art that purportedly ensnares the asserted equivalent. |
| April 22, 2015 | **Comply with P.R. 4-1** – Exchange Proposed Terms and Claim Elements for Construction. |
| February 9, 2015 | **Comply with P.R. 3-3 and 3-4** – Invalidity Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend invalidity contentions, pursuant to Patent Rule 3-6(b).<br><br>Defendant shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to join additional parties.<br><br>Defendant shall assert any counterclaims. After this deadline, leave of Court must be obtained to assert any counterclaims. |
| *14 days after Docket Control Order and Discovery Order are signed* | **Deadline to File Motion to Transfer Venue.** In the alternative, parties shall move for an extension of time to file a motion to transfer. |
| December 5, 2014 | **Comply with P.R. 3-1 and P.R. 3-2** – Disclosure of Asserted Claims and Infringement Contentions due. Thereafter, except as provided in Patent Rule 3-6(a), it is necessary to obtain leave of Court to add and/or amend infringement contentions, pursuant to Patent Rule 3-6(b).<br><br>Plaintiff shall join additional parties. It is not necessary to file a motion to join additional parties prior to this date. Thereafter, it is necessary to obtain leave of Court to joint additional parties.<br><br>Plaintiff shall add new patents and/or claims for patents-in-suit. It is not necessary to file a motion to add additional patents or claims prior to this date. Thereafter, it is necessary to obtain leave of Court to add patents or claims. |
| **5 days** | **EXPECTED LENGTH OF TRIAL** |

In the event that any of these dates fall on a weekend or Court holiday, the deadline is modified to be the next Court business day.

The parties are directed to Local Rule CV-7(d), which provides in part that "[i]n the event a party fails to oppose a motion in the manner prescribed herein the Court will assume that the party has no opposition." Local Rule CV-7(e) provides that a party opposing a motion has **17 days** in which to serve and file supporting documents and briefs after which the Court will consider the submitted motion for decision.

## OTHER LIMITATIONS

(a) All depositions to be read into evidence as part of the parties' case-in-chief shall be EDITED so as to exclude all unnecessary, repetitious, and irrelevant testimony; ONLY those portions which are relevant to the issues in controversy shall be read into evidence.

(b) The following excuses will not warrant a continuance nor justify a failure to comply with the discovery deadline:

   (i) The fact that there are motions for summary judgment or motions to dismiss pending;
   (ii) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;
   (iii) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

So ORDERED and SIGNED this 8th day of December, 2014.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE